[Cite as *Foor v. Columbus Real Estate Pros.com*, 2013-Ohio-2848.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTINE L. FOOR | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant/Cross-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| COLUMBUS REAL ESTATE PROS. COM, ET AL. | : | |
| | : | Case No. 12 CAE 08 0063 |
| | : | |
| | : | |
| Defendant - Appellees/Cross-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Delaware
County Court of Common Pleas,
Case No. 11 CV H 04 0448

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT: June 25, 2013

APPEARANCES:

For Plaintiff-Appellant/ Cross-Appellee

KEVIN O'BRIEN
JONATHAN LAYMAN
Kevin O'Brien and Associates Co., L.P.A
995 South High Street
Columbus, OH 43206

For Defendants-Appellees/Cross-Appellants

CHRISTOPHER L. TROLINGER
Farlow and Associates, LLC.
270 Bradenton Ave, Suite 100
Dublin, OH 43017

*Baldwin, J.*

{¶1}    Appellant Christine L. Foor appeals a judgment of the Delaware County Common Pleas Court enforcing a settlement agreement and dismissing her complaint against appellees Columbus Real Estate Pros.com, Gregory R. Babbitt and Your Estate Pros LLC.  Appellees have filed a cross-appeal assigning error to the judgment of the court granting appellant partial summary judgment on their counterclaims.

## STATEMENT OF FACTS AND CASE

{¶2}    On April 8, 2011, appellant filed a complaint against appellees for failing to properly manage a parcel of rental property owned by appellant.  The complaint contained ten causes of action, including negligent infliction of emotional distress, fraud, breach of contract and multiple violations of consumer statutes.  Appellees filed a counterclaim for breach of contract, indemnification and payment of attorney fees.

{¶3}    Both sides filed motions for summary judgment on the counterclaims for indemnification and failure to purchase insurance on the property.  The trial court denied appellees' motion for summary judgment and partially granted appellant's motion for summary judgment.

{¶4}    On October 24, 2011, counsel for appellant sent a letter to counsel for appellees offering to settle the case for $15,000.00.  Counsel for appellees responded by email on November 4, 2011, that appellees would settle the case in exchange for appellant paying all of their attorney fees plus costs.

{¶5}    Counsel for appellant emailed appellees' attorney on November 8, 2011, stating that he may have authority to settle the case.  During a telephone conversation

the next day, counsel agreed that the parties would mutually "walk away." Counsel for appellees was to draft a written settlement agreement.

{¶6}     On November 14, 2011, appellant filed a complaint against appellees with the Department of Commerce. At this time, counsel for appellees discovered that he had not sent his draft of the settlement agreement to appellant's attorney. Counsel for appellees sent appellant a draft of the agreement on December 2, 2011.

{¶7}     Appellees filed a motion to enforce the settlement agreement on February 23, 2012. The court held an evidentiary hearing on July 13, 2012. At the hearing, counsel for appellees testified that he believed there were no further details to work out in the settlement agreement and the parties would walk away with no further judicial or administrative proceedings being filed. Appellant testified that she understood the settlement to be "possible" and that it would not be final until it was in writing and she had an opportunity to review the language. She also testified that she did not understand the settlement included any possible administrative proceedings, and believed the settlement only covered the case in Delaware County. Counsel for appellant testified that the settlement was for the parties to "walk away," and there were no discussions about mutual releases or about appellant not proceeding with an administrative complaint.

{¶8}     The trial court found appellant's testimony was not credible and granted the motion to enforce the settlement agreement. The court dismissed both the complaint and the counterclaims based on the settlement agreement.

{¶9}     Appellant assigns nine errors:

{¶10} "I.    THE COURT ERRED AS A MATTER OF LAW IN CONSIDERING CONFIDENTIAL COMMUNICATIONS FROM A PRIVILEGED MEDIATION PROCESS WHEN MAKING A RULING, AS NO EXCEPTIONS TO THE PRIVILEGE APPLY.

{¶11} "II.    THE COURT ERRED AS A MATTER OF LAW IN DENYING PLAINTIFF-APPELLANT'S MOTION TO STRIKE AS THE RECORD CONTAINED TESTIMONY AND REFERENCES TO PRIVILEGED MEDIATION COMMUNICATIONS.

{¶12} "III.    THE COURT ERRED IN FINDING THAT NO VAGUENESS OR UNCERTAINTY EXISTED IN THE TERMS OF THE 'WALK AWAY' AGREEEMENT MADE BETWEEN PARTIES' COUNSEL.

{¶13} "IV.    THE COURT ERRED IN FINDING THAT NO WRITING WAS NECESSARY TO FINALIZE THE NEGOTIATIONS BETWEEN THE PARTIES AND THAT AN ENFORCEABLE AGREEMENT EXISTED.

{¶14} "V.    THE COURT ERRED AS A MATTER OF LAW AND FACT IN ENFORCING SETTLEMENT AS CLIENT REVIEW OF A FORMALIZED WRITTEN DOCUMENT WAS NECESSARY BEFORE ANY SETTLEMENT AGREEMENT WOULD BE FINAL.

{¶15} "VI.    THE COURT ERRED AS A MATTER OF LAW AND FACT IN CLASSIFYING PLAINTIFF-APPELLANT'S ADMINISTRATIVE COMPLAINT AS AN 'ADMINISTRATIVE CLAIM.'

{¶16} "VII.    THE COURT ERRED AS A MATTER OF LAW AND FACT IN DETERMINING THE CREDIBILITY OF PLAINTIFF-APPELLANT'S TESTIMONY

THROUGH OVER-THE-PHONE COMMUNICATIONS AND CONFIDENTIAL MEDIATION COMMUNICATIONS.

{¶17} "VIII.   THE COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR PROTECTIVE ORDER, QUASH AND EXCLUDE DOCUMENTS, AS THE MOTION WAS UNOPPOSED AND SUPPORTED BY SUFFICIENT SPECIFICITY AND RELEVANT CASE LAW.

{¶18} "IX.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE DRAFTED AGREEMENT EX. 1 ENCOMPASSED THE TOTALITY OF THE PARTIES' AGREEMENT."

{¶19} Appellees assign three errors on cross-appeal.

{¶20} "I.     THE COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE CONTRACT DID NOT REQUIRE PLAINTIFF TO INDEMNIFY DEFENDANTS.

{¶21} "II.    THE COURT ERRED AS A MATTER OF LAW IN FINDING THAT PLAINTIFF HAD NOT BREACHED THE INSURANCE PROVISION OF THE CONTRACT.

{¶22} "III.   THE COURT ERRED IN NOT ENJOINING THE ADMINISTRATIVE ACTION FILED WITH THE DEPARTMENT OF COMMERCE DIVISION OF REAL ESTATE."

III., IV., V.

{¶23} We address appellant's third, fourth, and fifth assignments of error together, as appellant does in her brief.  Further, we address these assignments of error first as they are dispositive of the appeal.

{¶24} Settlement agreements are considered contracts and, therefore, their interpretation is governed by the law of contracts. *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (1996). The burden of establishing the existence and terms of a settlement agreement rests on the party asserting its existence. *Nilavar v. Osborn*, 127 Ohio App.3d 1, 11, 711 N.E.2d 726 (1998). In addition to consideration, enforceable contracts also require certainty and clarity, as well as a meeting of the minds. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). A "meeting of the minds" occurs when there is an offer and an acceptance of the offer. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). Generally, conduct sufficient to show agreement, including performance, constitutes acceptance of an offer. *Nagle Heating & Air Conditioning Co. v. Heskett* , 66 Ohio App.3d 547, 550, 585 N.E.2d 866 (1990).

{¶25} Further, when the alleged settlement agreement is verbal and not written, the existence and the terms of such agreement must be established by clear and convincing evidence. *Pawlowski v. Pawlowski* , 83 Ohio App.3d 794, 799, 615 N.E.2d 1071 (1992). In determining whether an oral agreement has been established, the trial court may consider the words, deeds, acts, and silence of the parties. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 770 N.E.2d 58 (2002). Vagueness, indefiniteness or uncertainty as to any essential term of an agreement prevents the creation of an enforceable contract. *Rulli* at 376, 683 N.E.2d 337. However, if the parties proceed to act as if the contract was in effect, the contract is enforceable. *Nagle* at 550, 585 N.E.2d 866.

{¶26} In the instant case, we find that the court erred in finding the existence of a completed settlement agreement was proven by clear and convincing evidence. The

fact that counsel for appellees was to prepare a draft of the agreement demonstrates that the parties intended to enter into a written agreement, and that the oral agreement was not necessarily the final agreement of the parties. Neither party made any attempt to dismiss their claims after the alleged settlement agreement was reached on November 9, 2011. Further, from the testimony presented at the hearing, the parties did not have a mutual understanding as to what the terms "walk away" meant in the context of the instant case, with appellees believing appellant would not pursue an administrative action and appellant and her attorney believing the settlement applied solely to the Delaware County case. The written draft of an agreement which the trial court enforced is not signed by any of the parties or counsel, including the attorney who drafed the agreement, indicating that this was not necessarily the final agreement of the parties. The trial court erred in enforcing this draft of a settlement agreement.

{¶27} The third, fourth and fifth assignments of error are sustained.

{¶28} Appellant's first, second, sixth, seventh, eighth, and ninth assignments of error are rendered moot by our disposition of assignments of error three, four and five.

{¶29} We next turn to the assignments of error on cross-appeal.

I., II.

{¶30} Appellees' first two assignments allege error in the court granting summary judgment to appellant on the first two counts of the counterclaim.

{¶31} The trial court's summary judgment did not dismiss these two counts of the counterclaim and the judgment is clearly an interlocutory order. The court did not dismiss the counterclaim pursuant to summary judgment, but rather dismissed the counterclaim pursuant to enforcement of the settlement agreement. Because we have

reversed the trial court's judgment dismissing the case pursuant to enforcement of the settlement agreement, the complaint and counterclaim are reinstated and the summary judgment entry is an interlocutory order, not a final judgment over which we have jurisdiction. Pursuant to Civ. R. 54(B), this order is subject to revision by the trial court at any time prior to entry of final judgment in the case. Accordingly, appellant's first two assignments of error are premature and are overruled.

III.

{¶32} Appellees argue that the court erred in not enjoining the administrative action filed by appellant with the Department of Commerce. This argument is based on the settlement agreement, which we have found the court erred in enforcing. The assignment of error is therefore moot.

{¶33}   The judgment of the Delaware County Common Pleas Court enforcing a settlement agreement between the parties is reversed.  The complaint and counterclaim are reinstated, and this cause is remanded to that court for further proceedings.  Costs assessed to appellees.

By: Baldwin, J.

Gwin, P. J. and

Farmer, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


CRB/rad

[Cite as *Foor v. Columbus Real Estate Pros.com*, 2013-Ohio-2848.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CHRISTINE L. FOOR                          :
                                           :
    Plaintiff -Appellant /Cross-Appellee     :
                                           :
-vs-                                       :    JUDGMENT ENTRY
                                           :
COLUMBUS REAL ESTATE PROS. COM, ET AL.     :
                                           :
    Defendants - Appellees/ Cross-Appellants  :    CASE NO. 12 CAE 08 0063

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed. The complaint and counterclaim are reinstated, and this cause is remanded to that court for further proceedings. Costs assessed to appellees.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER