[Cite as *HCS Renewable Energy v. Deltro Elec.*, 2025-Ohio-138.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |  |
|---|---|---|---|
| HCS RENEWABLE ENERGY, LLC, | : | | |
| Appellee, | : | | CASE NO. CA2024-04-003 |
| | : | | O P I N I O N |
| - vs - | | | 1/21/2025 |
| | : | | |
| DELTRO ELECTRIC, LTD., et al., | : | | |
| Appellants. | : | | |

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 20210685

Porter Wright Morris & Arthur LLP, and Tami Hart Kirby, for appellee.

Carlile Patchen & Murphy LLP, and Michael J. King and Bryan M. Pritikin, for appellant, Deltro Electric, Ltd.

Shumaker, Loop & Kendrick, LLP, and David P. Strup for appellants, PCL Construction Services, Inc., Federal Insurance Company, Travelers Casualty and Surety Company of America, Berkshire Hathaway Specialty Insurance Company, and Liberty Mutual Insurance Company.

**PIPER, J.**

{¶ 1} Appellant, Deltro Electric, Ltd. ("Deltro"), appeals the decision of the Brown County Court of Common Pleas granting appellee, HCS Renewable Energy, LLC's ("HCS"), combined motion to enforce settlement, or, alternatively, judgment on its claim on the bond securing the lien amount owed to it by Deltro. For the reasons outlined below,

we affirm the common pleas court's decision.

**Facts and Procedural History**

{¶ 2} On December 9, 2021, HCS filed a complaint for money damages against Deltro, along with Federal Insurance Company ("FIC"), Travelers Casualty and Surety Company of America ("Travelers"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), and Liberty Mutual Insurance Company ("Liberty," collectively with FIC, Travelers, and Berkshire, "Sureties"), alleging claims against Deltro for breach of contract, unjust enrichment/quantum meruit, promissory estoppel, action on account, and a violation of Ohio's prompt payment act. HCS' complaint also alleged a claim on the bond that the common pleas court had previously approved to discharge the mechanic's lien against Deltro related to HCS' work covered by the lien from April 1, 2021 through June 12, 2021 in the sum of $785,932.21.

{¶ 3} The claims arose from services provided by HCS on a construction project located in Brown County, Ohio commonly known as the Hillcrest Solar Project whose general contractor was the non-party PCL Construction Services, Inc. ("PCL"). There is no dispute that Deltro was the electrical contractor for the project pursuant to a contract between Deltro and PCL. There is also no dispute that HCS provided labor and/or materials to Deltro for the project pursuant to a contract between Deltro and HCS.

{¶ 4} On August 28, 2023, the parties reached the material terms of a settlement agreement, whereby HCS was to accept payment of the lien amount ($785,932.21) from Deltro as full and complete settlement of their respective dispute. This agreement was made via email between the parties' respective counsel, wherein Deltro's then counsel advised HCS' counsel that the full lien amount being "offered" was the maximum that it would agree to pay, within 60 days, to which HCS' counsel responded, "My client will accept payment of the lien amount as full and complete settlement." Deltro, however,

later refused to pay anything within the agreed upon 60-day timeframe and instead advised HCS that it was no longer able to go forward with any settlement that they may have previously agreed to.

{¶ 5} On January 18, 2024, HCS filed a combined motion to enforce settlement, or, alternatively, judgment on its claim on the bond securing the lien amount owed to it by Deltro. Approximately two weeks later, on January 31, 2024, counsel for Deltro moved to withdraw as Deltro's counsel. The record indicates that Deltro's counsel moved to withdraw due to Deltro failing to pay counsel's legal fees and, as counsel later explained, "because I'm a witness in this matter, with regard to whether there's a settlement or not." The record also indicates that Deltro's counsel was instructed by the common pleas court to advise Deltro that it "had to get separate counsel because of me being a witness," which Deltro's counsel did, "and they did not obtain counsel."

{¶ 6} On February 28, 2024, the trial court held a hearing on both HCS' combined motion to enforcement settlement, or, alternatively, judgment on its claim on the bond and Deltro's counsel's motion to withdraw. During this hearing, and hearing no objection, the common pleas court granted Deltro's counsel's motion to withdraw. The common pleas court then accepted arguments from the parties, following which the common pleas court issued its decision finding:

> The Court finds clearly and convincingly there was a settlement in this case. And there was an agreement to pay money. And, the amount was agreed upon. And apparently somebody got cold feet after the settlement was negotiated.
>
> The Court is going to find that there was a settlement. And it's gonna order that the settlement be enforced.
>
> The Court is going to grant judgment on the Bond. You guys can fight it out later, if that's what you chose to do. But when you Bond out a Mechanic's Lien and the judgment is given, and the Lien isn't – and the money isn't paid, the Sureties are responsible.

> So, unless my understanding of the law in Ohio got up and flew away somewhere, and I don't think it did, that will be the Order of the Court.

{¶ 7} Later that day, once the hearing concluded, the common pleas court issued an entry granting Deltro's counsel's motion to withdraw as Deltro's counsel. Thereafter, on April 9, 2024, the common pleas court issued an entry granting HCS' combined motion to enforcement settlement, or, alternatively, judgment on its claim on the bond. In so doing, the common pleas court noted its finding that HCS had proven, by clear and convincing evidence, that a settlement agreement had been reached between HCS and Deltro for Deltro to pay HCS the sum of $785,932.21 and that Deltro had breached that settlement agreement by failing to have yet paid said amount to HCS despite previously agreeing to do so. The common pleas court therefore held that judgment should be entered to HCS against Deltro in the amount of $785,932.21 and that HCS shall recover from Sureties if Deltro did not pay said amount to HCS within ten days.[1]

**Deltro's Appeal and Single Assignment of Error**

{¶ 8} On April 18, 2024, Deltro filed a notice of appeal. Following briefing, on December 11, 2024, the matter was submitted to this court for consideration. Deltro's appeal now properly before this court for decision, Deltro has raised one assignment of error for review.

{¶ 9} THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEE'S COMBINED MOTION TO ENFORCE SETTLEMENT, OR IN THE ALTERNATIVE, JUDGMENT ON ITS CLAIM ON THE BOND, WITHOUT HOLDING AN EVIDENTIARY HEARING AND WITHOUT ALLOWING APPELLANT A REASONABLE OPPORTUNITY TO ENGAGE REPLACEMENT COUNSEL.

---

1. The common pleas court's judgment was subsequently stayed pending this appeal.

{¶ 10} In its single assignment of error, Deltro argues the common pleas court erred by granting HCS' motion to enforcement settlement, or, alternatively, judgment on its claim on the bond. To support this claim, Deltro raises three issues for this court to consider, all three of which we will discuss after setting forth this court's standard of review.

*Standard of Review*

{¶ 11} "A settlement agreement is viewed as a particularized form of a contract." *Carnahan v. London*, 2005-Ohio-6684, ¶ 7. A settlement agreement is a binding contract "designed to terminate a claim by preventing or ending litigation." *Clermont Cty. Transp. Improvement Dist. v. Smolinski*, 2015-Ohio-3176, ¶ 9 (12th Dist.). "Settlement agreements are highly favored in the law." *R&L Carriers, Inc. v. Emergency Response & Training Solutions, Inc.*, 2019-Ohio-3539, ¶ 30 (12th Dist.). "The standard applicable to a motion to enforce a settlement may present a mixed question of law and fact." *Smolinski*, 2015-Ohio-3176 at ¶ 10.

{¶ 12} "If the question involves the question of whether the requirements of a contract have been met, the question is one of law." *Fowler v. Smith*, 2003-Ohio-6257, ¶ 18 (12th Dist.). "We review questions of law de novo." *BST Ohio Corp. v. Wolgang*, 2021-Ohio-1785, ¶ 14. "If, however, the agreement's terms are in dispute, the issue of whether the court should enforce the agreement is reviewed under an abuse of discretion standard." *Fowler*. "The term 'abuse of discretion' means that the trial court's judgment is 'unreasonable, arbitrary or unconscionable.'" *Ray v. Bd. of Union Twp. Trs.*, 2007-Ohio-3001, ¶ 10 (12th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Deltro's First Issue*

{¶ 13} Deltro initially argues the trial court erred by failing to hold an "evidentiary

hearing" on HCS' combined motion to enforcement settlement, or, alternatively, judgment on its claim on the bond, and by "adopting settlement terms that were not supported by competent credible evidence." However, as noted by the Ohio Supreme Court, an evidentiary hearing is only necessary where the meaning of terms of a settlement agreement are disputed, or where there is a dispute that contests the existence of a settlement agreement. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 1997-Ohio-380, syllabus.

{¶ 14} The record in this case indicates that at no time prior to this appeal did Deltro ever contest the existence of a binding settlement agreement between itself and HCS that obligated Deltro to pay HCS the lien amount of $785,932.21 as a full and complete settlement of their respective claims against one another. "The burden of establishing the existence and terms of a settlement agreement rests on the party asserting its existence." *Foor v. Columbus Real Estate Pros.com*, 2013-Ohio-2848, ¶ 24 (5th Dist.). HCS did that in this case as the record contains evidence establishing clear, previously undisputed terms of the respective parties' agreement to settle their dispute by having Deltro pay HCS the sum of $785,932.21 within 60 days. Therefore, finding no merit to any of the arguments advanced by Deltro herein, Deltro's first issue lacks merit and is denied.

*Deltro's Second Issue*

{¶ 15} Deltro next argues that it was error for the common pleas court to proceed with a "hearing" on HCS' combined motion to enforcement settlement, or, alternatively, judgment on its claim on the bond, after granting Deltro's counsel's motion to withdraw, thereby leaving Deltro unrepresented and without counsel. Deltro, however, never objected or otherwise raised any issue with the hearing on HCS' combined motion going forward after its counsel's motion to withdraw had been granted by the common pleas court. Deltro also never moved the common pleas court for a continuance so that it could

procure new counsel. Deltro, in fact, failed to take any action at all to obtain new counsel even after being advised that procuring new counsel would be necessary for Deltro to proceed in this case.

{¶ 16} Under these circumstances, we can see no error in the common pleas court holding the aforementioned "hearing" on HCS' combined motion to enforce settlement, or, alternatively, judgment on its claim on the bond, after granting Deltro's counsel's motion to withdraw. To hold otherwise would be improper given it is well established that common pleas courts have the inherent power to manage their own dockets and the progress of the proceedings in their own respective courts. *Paramount Parks, Inc. v. Admiral Ins. Co.*, 2008-Ohio-1351, ¶ 37 (12th Dist.). Therefore, finding no merit to any of the arguments advanced by Deltro herein, Deltro's second issue also lacks merit and is denied.

*Deltro's Third Issue*

{¶ 17} Deltro finally argues the common pleas court erred by entering judgment on the bond. This is because, according to Deltro, genuine issues remain regarding its underlying counterclaim against HCS. However, as the record indicates, Deltro never objected to HCS' right to obtain judgment on the bond. Moreover, as the trial court correctly determined, the bond stood in place of HCS' mechanic's lien, and if the amount owed on the lien was not paid to HCS by Deltro within ten days, the Sureties would be responsible to pay the lien amount to HCS. This was not an error. Therefore, finding no merit to any of the arguments advanced by Deltro herein, Deltro's third and final argument likewise lacks merit and is denied.

**Conclusion**

{¶ 18} For the reasons outlined above, and finding no merit to any of the arguments raised by Deltro herein, including those not expressly discussed within this

opinion, Deltro's challenge to the trial court's decision granting HCS' combined motion to enforce settlement, or, alternatively, judgment on its claim on the bond securing the lien amount owed to it by Deltro is denied.

{¶ 19} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.