OPINION
{¶ 1} Plaintiffs-appellants, Robert and Louann Carnahan, appeal the decision of the Madison County Court of Common Pleas finding that the parties entered into an enforceable settlement agreement, and ordering specific performance of the agreement. We affirm the trial court's decision.
 {¶ 2} In December 2000, appellants applied for, and received, certain low interest and no interest government loans to renovate their home. The funds were made available through a state Community Housing Improvement Program ("CHIP") administered by defendant-appellee, the city of London, Ohio. Appellants hired contractors to perform the work, and the renovations commenced. Appellants approved an initial payment to the contractors, however later were unsatisfied with the workmanship and length of time the work took to complete. Nevertheless, London disbursed payments to various contractors and inspectors.
 {¶ 3} In December 2002, appellants filed suit against defendants-appellees, the city of London; Jeff Buechner, a contractor; Michael Nichols, a contractor; Michael Secoy, Mark McConaghy, and Larry Hamilton, housing inspectors; and Christopher Pappert, also a housing inspector.[1]
Appellants alleged that appellees mismanaged the CHIP grant, violated the Ohio Consumer Sales Practices Act, breached contractual obligations, engaged in fraud, and were negligent.
 {¶ 4} At a January 12, 2004 status conference, a settlement was reached as to all the parties, which required London to release a lien against the property, other appellees to pay a cash settlement, and required appellants to dismiss their claims. Although London circulated a written draft of the agreement and appellants' counsel suggested certain revisions, no entry memorializing the agreement was ever presented to the trial court.
 {¶ 5} Appellants' counsel was granted permission to withdraw, and appellants, proceeding pro se, refused to sign the agreement or submit it to the trial court. London filed a motion to enforce the January 12, 2004 agreement and the matter proceeded to a hearing. After hearing testimony from appellant's former counsel, London's mayor, counsel for appellee Pappert, and counsel for appellees Secoy, Hamilton and McConaghy, the trial court issued a decision finding that the parties had entered into a binding settlement agreement on January 12, 2004, and ordered specific performance of the agreement.
 {¶ 6} Appellants appeal the decision, raising nine assignments of error challenging the trial court's conclusion that the parties reached a settlement agreement on January 12, 2004. In the interests of clarity and judicial economy we will consider appellants' contentions together. See Matter ofVacation of a Public Road (1985), 18 Ohio St.3d 397, 399.
 {¶ 7} A settlement agreement is a particularized form of a contract. Mills v. Ralston, Stark App. No. 2001-CA-00129, 2003-Ohio-262, ¶ 26. It is a binding contract designed to terminate a claim by preventing or ending litigation. Riordan'sSporting Goods, Inc. v. Riordan's Sports Equipment, Trumbull Co. App. No. 2002-T-0099, 2003-Ohio-3878, ¶ 11. Settlement agreements are highly favored in the law. Wright v. Weyandt
(1977), 50 Ohio St.2d 194, syllabus.
 {¶ 8} A settlement agreement is not unenforceable simply because, as in the present matter, it was not entered in open court. Erbeck Farms, Inc. v. Mason (May 20, 1991), Warren App. No. CA90-09-065, at 3. Although a written agreement is preferable, an oral agreement is still enforceable when its terms can be determined with sufficient particularity. Kostelnik v.Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 15. Parties to a settlement agreement are bound by its terms where the record warrants a finding that the negotiations reached a point where mutual assent had been expressed orally to settle the litigation.Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36,39, certiorari denied (1973), 411 U.S. 917, 93 S.Ct. 1550.
 {¶ 9} The standard of review applicable to a ruling on a motion to enforce a settlement agreement depends upon the issues disputed, and may present a mixed question of law and fact. SeeChirchiglia v. Administrator, Bureau of Workers' Compensation
(2000), 138 Ohio App.3d 676; Westbanco Bank Barnesville v.Balcar (Dec. 21, 2001), Belmont App. No. 00-BA3-6. If, as in the present case, the dispute is whether the evidence demonstrates that a settlement agreement exists, an appellate court will not reverse the trial court's determination as long as there is "sufficient evidence to support such finding." Chirchiglia at 679, citing Macek v. Ohio Bur. of Workers' Comp. (Dec. 21, 1999), Columbiana App. No. 99-CO-6; Fowler v. Smith, Butler App. No. CA2003-02-042, 2003-Ohio-6257, ¶ 18. "[W]here there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Rulli v. Fan Co., 79 Ohio St.3d 374, 1997-Ohio-380, syllabus.
 {¶ 10} In the present case, because the relevant inquiry before the trial court was whether an agreement existed between the parties on the day of the settlement conference, the trial court conducted an evidentiary hearing pursuant to Rulli to resolve this issue.
 {¶ 11} Upon review of the record we find that there is sufficient evidence to support the trial court's conclusion that the parties came to a settlement agreement at the January 12, 2004 conference. All four witnesses at the hearing testified that an agreement to settle the matter was reached at the conference.
 {¶ 12} Appellants' former counsel, while disputing several specific terms of the agreement, testified that the parties had generally reached a settlement regarding the dispute on that day. When asked whether, "[w]e had an oral contract when we left the court house that day that the Defendants would provide, the City would provide a release of the lien, certain Defendants would provide 7,500 and the Carnahans would release the claims," she answered, "yes." She stated her understanding of the agreement as follows:
 {¶ 13} "They would accept — this is our understanding of what we were willing to settle for. * * * If the City would release the lien, we would — and pay, make a check payable to * * * the Carnahans in the amount of 7,500 and then they would agree to release the claims as stated in the amended complaint."
 {¶ 14} While some specific terms may have remained in question as counsel testified, "[s]hort of laboriously hammering out a handwritten agreement in court the preferred process is to agree to settle on condition that the language (rather than the terms themselves) can be agreed to in the near future." The remaining evidence adduced at the hearing fully supports the conclusion that the parties entered into an enforceable settlement agreement that day. Consequently, we find that sufficient evidence supports the trial court's determination that an enforceable settlement agreement existed, and consequently, that it did not err by ordering specific performance of the agreement.
 {¶ 15} We have considered the remaining issues raised by appellants and find them to be equally without merit. In particular, we find no support for appellants' contention that the trial court's decision precludes them from pursuing a claim with the Ohio Civil Rights Commission, or would prevent them from filing a criminal complaint. And the trial court's misstatement that appellants terminated their attorney's representation is of no consequence, as the fact remains that appellants' attorney withdrew, no matter who initiated the withdrawal. The assignments of error are overruled.
 {¶ 16} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellant's have voluntarily dismissed their complaint against defendant-appellee, Christopher Pappert.