DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Valerie Dillinger, appeals the judgment of the Medina County Court of Common Pleas, Probate Division, which granted appellees', Wanda Brown's and Wendy Paranic's, motion to enforce a settlement agreement after finding that a valid settlement agreement was reached between the parties. This Court affirms.
 I. {¶ 2} Appellant was married to Billie Ray Dillinger ("the decedent"), who died November 15, 2004. Appellees are the decedent's daughters and appellant's stepdaughters. On November 16, 2004, appellant filed an application to probate the decedent's will in case number 2004 11 ES 00525.
 {¶ 3} On December 6, 2004, appellees filed a complaint to contest the decedent's will in case number 2004 12 CA 00031. Appellees' complaint alleged that the decedent lacked testamentary capacity to execute the purported will, because he was "under severe pressure and influence of [appellant]."
 {¶ 4} On December 27, 2004, appellant filed a motion for the turnover of probate assets from appellees. Specifically, appellant sought the return of certain firearms, crossbows and other hunting equipment. Appellant subsequently withdrew her motion.
 {¶ 5} On March 30, 2005, appellees filed a motion to enforce the purported settlement reached by the parties in resolution of the entire matter. The matter proceeded to hearing on the motion to enforce the settlement on April 20, 2005. On April 27, 2005, the trial court issued a journal entry in which it found that the parties had agreed that appellant would pay $15,000.00 to each of the appellees in full settlement of the case. The trial court directed appellees' counsel to prepare a judgment entry reflecting the court's findings. On May 20, 2005, the trial court issued a judgment entry ordering appellant to pay $15,000.00 to each of the appellees. Appellant timely appeals, setting forth two assignments of error for review. This Court consolidates the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN ENFORCING ALLEGED AGREEMENT BETWEEN THE PARTIES WHERE (1) DEFENDANT/APPELLANT WITHDREW OFFER BEFORE THE PROPOSED SETTLEMENT AGREEMENT, [sic] WAS PUT IN WRITING: [sic] (2) WRITING PREPARED BY PLAINTIFF/APPELLEES CONTAINED SUBSTANTIAL ADDITIONAL TERMS NOT NEGOTIATED BY PARTIES WHICH AMOUNTED TO COUNTEROFFER AND REJECTION: [sic] (3) PLAINTIFFS/APPELLEES [sic] PROPOSED SETTLEMENT AGREEMENT WAS NEVER SIGNED BY THE PARTIES."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN ENFORCING ITS OWN SETTLEMENT THAT NEITHER THE APPELLANT, NOR THE APPELLEES WERE IN AGREEMENT OF [sic]."
 {¶ 6} Appellant argues that the trial court erred by enforcing an oral settlement agreement between the parties that appellant shall pay $15,000.00 apiece to each appellee in complete resolution of the will contest. Specifically, appellant argues that she withdrew her proposed settlement offer before it was put into writing and signed by the parties. In addition, appellant argues that the writing which was ultimately prepared by appellees' counsel contained additional terms upon which the parties had not agreed. Further, appellant argues that the trial court improperly imposed its own terms upon the parties, when it granted appellees' motion to enforce the settlement agreement. This Court disagrees.
 {¶ 7} The standard of review this Court applies to a trial court's ruling on a motion to enforce a settlement agreement depends upon the question presented and may involve mixed questions of law and fact. Carnahan v. London, 12th Dist. No. CA2005-02-005, 2005-Ohio-6684, at ¶ 9. Where the question presented is an evidentiary one, "this Court will not overturn the trial court's finding if there was sufficient evidence to support such finding." Kaple v. Benchmark Materials, 3d Dist. No. 13-03-60, 2004-Ohio-2620, at ¶ 4, citing Chirchiglia v. Bur.of Workers Comp. (2000), 138 Ohio App.3d 676, 679. Further, where the dispute is whether the evidence shows that a settlement agreement exists, this Court will not reverse the trial court's finding where there is "sufficient evidence to support such finding." Carnahan at ¶ 9, quoting Chirchiglia,138 Ohio App.3d at 679.
 {¶ 8} "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Rulli v. FanCo. (1997), 79 Ohio St.3d 374, syllabus. If the dispute involves a question of law, this Court must review the trial court's decision de novo "to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law." Kaple at ¶ 4, citingContinental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1995), 74 Ohio St.3d 501, 502.
 {¶ 9} In this case, appellant contests both the findings of fact made by the trial court, as well as the trial court's conclusions of law based on those facts. Accordingly, this Court must determine whether there was sufficient evidence to support the trial court's factual findings. We must then review the decision de novo to determine whether the trial court based its decision to enforce the settlement upon an erroneous standard or a misconstruction of the law.
 {¶ 10} A settlement agreement is "a contract designed to terminate a claim by preventing or ending litigation and * * * such agreements are valid and enforceable by either party."Continental, 74 Ohio St.3d at 502, citing Spercel v. SterlingIndus., Inc. (1972), 31 Ohio St.2d 36, 38. This Court recognizes that settlement agreements are highly favored by the law. Hitev. Leonard Ins. Servs. Agency, Inc. (Aug. 23, 2000), 9th Dist. No. 19838, citing State ex rel. Wright v. Weyandt (1977),50 Ohio St.2d 194.
 {¶ 11} While it may be preferable to memorialize a settlement in writing, "an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract."Kaple at ¶ 7, quoting Kostelnik v. Helper, 96 Ohio St.3d 1,2002-Ohio-2985, at ¶ 15. Specifically, "the terms of the agreement must be reasonably certain and clear" to constitute a valid settlement agreement. Kaple at ¶ 7, quoting Rulli,79 Ohio St.3d at 376. Nevertheless, the Ohio Supreme Court has recognized that "`[a]ll agreements have some degree of indefiniteness and some degree of uncertainty. In spite of its defects, language renders a practical service. In spite of ignorance as to the language they speak and write, with resulting error and misunderstanding, people must be held to the promises they make.'" Kostelnik at ¶ 17, quoting 1 Corbin on Contracts (Perillo Rev. Ed. 1993) 530, Section 4.1.
 {¶ 12} The necessary elements of a valid contract include "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object of consideration."Kostelnik at ¶ 16. In addition, there must be a "meeting of the minds" as to the essential terms of the agreement. Id. In this case, appellant does not challenge the elements of contractual capacity, consideration or the legality of consideration. In addition, appellant admits that she offered, through counsel, to pay each appellee $15,000.00 to settle this matter. Appellant asserts that appellees failed to accept her offer before she revoked it by their failure to memorialize the agreement in writing. She further asserts that appellees' ultimate proposed written agreement constituted a counter offer with additional unnegotiated terms, which counter offer appellant did not accept.
 {¶ 13} In this case, the trial court found that appellant's counsel called appellees' counsel with an offer to settle the lawsuit. The terms of the offer were that appellant would pay $15,000.00 to each appellee in exchange for their dismissal of the will contest. The trial court found that appellees' counsel had authority to accept the offer and he did so on behalf of appellees. Appellee Wanda Brown testified at hearing on the motion to enforce the settlement that her attorney had contacted her in regard to those settlement terms and that she accepted appellant's offer. She added that appellant's offer addressed only a monetary settlement, and that issues regarding the distribution of any of the decedent's hunting firearms arose only after the monetary offer was accepted. Appellee Wendy Paranic also testified at hearing that her attorney informed her that appellant, through counsel, had offered $15,000.00 to each appellee to settle the case. Ms. Paranic testified that she orally accepted that offer upon her attorney's communication of it.
 {¶ 14} The trial court found that both the offer and acceptance of the terms of settlement were made orally. The court further found that if a writing had been an essential term of the settlement, as appellant argues, that appellant's counsel could have prepared a written release and forwarded it to appellees' counsel. The trial court further found that appellant's counsel could have asserted either in a release or a cover letter that appellant would not be bound to the terms of the agreement absent a written agreement signed by the parties. Appellant's counsel failed to draft any such documents or otherwise communicate to appellees' counsel that appellant's settlement offer was conditioned upon the parties' signing the agreement.
 {¶ 15} Appellant testified at hearing that a proposal was made to appellees at the courthouse after a hearing on another matter, but that appellees did not accept at that time. She testified that her attorney later called her to inform her that appellees had agreed to accept $15,000.00 apiece. Notwithstanding her initial offer, she characterized appellees' assertion that they would accept $15,000.00 apiece in settlement of the case as an offer to her, which she testified that she accepted. She testified, however, that it was important to her that the agreement be in writing, because she believed that appellees would not continue to act in good faith. In fact, appellant testified that she would "accept" appellees' "offer" to settle the case for $15,000.00 only on the condition that the agreement be put in writing. Duane Phillips, appellant's friend who attended several meeting between appellant and her attorney, testified that appellant "needed stuff in writing because she wasn't getting her stuff back. Everything was getting kind of messed up."
 {¶ 16} Upon review of the record, this Court finds that there is sufficient evidence to support the trial court's finding that appellant, through counsel, offered $15,000.00 to each appellee in exchange for their dismissal of the case, and that appellees verbally accepted that offer. The record indicates that there was sufficient evidence to support a finding that appellant's offer was not conditioned upon the parties' signing a written agreement. Rather, there is sufficient evidence to indicate that appellant attempted to further condition her initial offer after appellees accepted the terms of the monetary settlement. There is also additional evidence to support a finding that the disposition of certain items of the decedent's hunting equipment was not a term of the parties' settlement agreement.
 {¶ 17} This Court further finds that the trial court did not misconstrue the law, when it found that the parties' verbal offer and acceptance constituted a valid settlement agreement, and that the parties did not have to reduce the terms to writing to effectuate a valid settlement. In addition, this Court finds that the trial court did not misconstrue the law, when it found that appellees' proposed written agreement, addressing additional matters such as the disposition of decedent's hunting equipment, did not constitute a counter offer, which appellant was then free to reject. The record supports the trial court's finding that a valid settlement agreement was formed upon appellant's offer of $15,000.00 to each appellee and appellees' timely acceptance of those terms in exchange for their dismissal of the case.
 {¶ 18} Based on the evidence and law, the trial court was correct in determining that the parties had reached a valid settlement agreement, the terms of which required appellant to pay $15,000.00 to each appellee in exchange for appellees' dismissal of the will contest, because all necessary elements of a contract were present. Appellant's assignments of error are overruled.
 III. {¶ 19} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. concur