[Cite as *Lubanovich v. McGlocklin*, 2014-Ohio-2459.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

EDWARD LUBANOVICH, et al.

     Appellees

     v.

STACY MCGLOCKLIN, et al.

     Appellants

C.A. No.     12CA0090-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.     11-CVH-00755

DECISION AND JOURNAL ENTRY

Dated: June 9, 2014

CARR, Presiding Judge.

**{¶1}** Appellant, Stacy McGlocklin, appeals the judgment entered against him by the Wadsworth Municipal Court. This Court affirms in part and reverses in part.

I.

**{¶2}** Appellees Nancy and Edward Lubanovich hired McGlocklin to convert an existing crawl space beneath their home into a full basement. Approximately a month after the work was completed, the north wall of the basement collapsed. The Lubanoviches reconstructed the basement through a combination of their own labor and direct contracting with individuals instead of using McGlocklin. They sued McGlocklin for negligent construction of the basement, alleging that he failed to attach the basement wall to the house with anchor bolts and that he installed rebar improperly. McGlocklin asserted counterclaims for breach of contract, unjust enrichment, and conversion.

{¶3} After the parties tried the case to the bench, the trial court entered judgment in favor of the Lubanoviches on their negligence claim and awarded them $6,239 in damages. The trial court also entered judgment in favor of the Lubanoviches with respect to McGlocklin's counterclaims. McGlocklin appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY RULING THAT STACY MCGLOCKLIN WAS NEGLIGENT BASED ON HIS FAILURE TO FOLLOW THE BUILDING CODE.

{¶4} McGlocklin's first assignment of error is that the trial court erred by concluding that the construction of the Lubanoviches' basement was negligent solely, according to McGlocklin, by virtue of a determination that he violated part of the Ohio Administrative Code. We disagree.

{¶5} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998). A violation of an administrative regulation does not constitute negligence per se. *Chambers* at syllabus. Evidence that a defendant did not conform to an administrative regulation can, however, be relevant evidence with respect to negligent conduct. *Id.* In the context of a slip-and-fall case, for example, the Ohio Supreme Court has noted that "[w]hile a violation of the Building Code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care * * * the violation is mere evidence of negligence and does not raise an irrebuttable presumption of it." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 21. *See also Sabitov v. Graines*, 177

Ohio App.3d 451, 2008-Ohio-3795, ¶ 22 (8th Dist.); *Christen v. Don Vonderhaar Market & Catering, Inc.*, 1st Dist. Hamilton No. C-050125, 2006-Ohio-715, ¶ 11-12.

{¶6} McGlocklin argues that the trial court incorrectly relied on testimony that he failed to install anchor bolts in the basement in conformity with the requirements of the Ohio Administrative Code as evidence of negligence per se. The Lubanoviches did not argue that McGlocklin committed negligence per se because he failed to conform to provisions of the Ohio Administrative Code. Instead, they offered testimony about McGlocklin's failure to conform to the Code as evidence relevant to whether the basement had been negligently constructed, and it is in this sense that the trial court considered the portions of the Ohio Administrative Code that were addressed at trial. In that respect, the relevant regulations were considered alongside the testimony of McGlocklin, Mr. Lubanovich, and Harold Kidd, each of whom addressed the purposes and necessity of anchor bolts in the construction process. The trial court's consideration of the regulations was appropriate in this context, and McGlocklin's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY RULING THAT STACY MCGLOCKLIN'S NEGLIGENCE, IF ANY, CAUSED THE LUBANOVICH[ES]' DAMAGES.

{¶7} McGlocklin's second assignment of error argues that even assuming he was negligent by failing to secure the basement walls to the house with anchor bolts, the Lubanoviches did not prove that his negligence proximately caused the north wall of the basement to fail and collapse. In other words, McGlocklin has argued that there was insufficient evidence demonstrating proximate cause. We disagree.

{¶8} "In civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Eastley v. Volkman*,

132 Ohio St.3d 328, 2012-Ohio-2179, paragraph two of the syllabus. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id*. at ¶ 19. When a defendant argues that the judgment in a civil case is supported by insufficient evidence, we must determine whether, viewing the evidence in the light most favorable to the plaintiff, a reasonable trier of fact could find in favor of the plaintiff. *See generally State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. *See also Eastley* at ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶9} "Proximate cause is an act or failure to act which, in a natural and continuous sequence, directly produces the injury and without which it would not have occurred. Proximate cause occurs when the injury is a natural and foreseeable result of the act or failure to act." *Brott Mardis & Co. v. Camp*, 147 Ohio App.3d 71, 2001-Ohio-4349, ¶ 9 (9th Dist.). As with the other elements of negligence, a plaintiff must prove proximate cause by a preponderance of the evidence. *Gedra v. Dallmer Co.*, 153 Ohio St. 258 (1950), paragraph one of the syllabus. When a plaintiff presents proof of several possible causes, "to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated." *Westinghouse Elec. Corp. v. Dolly Madison Leasing & Furniture Corp.*, 42 Ohio St.2d 122, 127 (1975). Conversely, however, a plaintiff does not need to disprove all other possible causes to prevail when facts are established from which an inference of negligence can be drawn. *Davis v. KB Compost Servs., Inc.*, 9th Dist. Summit No. 21186, 2002-Ohio-7000, ¶ 12.

{¶10} McGlocklin testified that the purpose of anchor bolts was to secure the house to the foundation in the event of a catastrophic wind event. Kidd, however, testified that the anchor

bolts also work in a "continuous structure" with rebar to stabilize a wall. As he explained, "The anchor bolts hold your house to the top, to the basement wall. It's like it's a continuous structure, you know. If you don't have the anchor bolts in it, you have - - in the middle, you know, your wall could come in." The witnesses at trial agreed on one point: anchor bolts were not used to attach the basement walls to the house when McGlocklin constructed the new basement.

{¶11} Viewing these facts in the light most favorable to the Lubanoviches, a reasonable trier of fact could infer that McGlocklin's failure to attach the basement wall to the house caused the newly-constructed north wall to collapse. There was, therefore, sufficient evidence of proximate cause, and McGlocklin's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED BY RULING THAT THE LUBANOVICH[ES] WERE ENTITLED TO SIX THOUSAND TWO HUNDRED THIRTY NINE DOLLARS ($6,239) IN DAMAGES AS A RESULT OF STACY MCGLOCKLIN'S NEGLIGENCE, IF ANY.

{¶12} McGlocklin's final assignment of error is that the trial court erred in its calculation of the Lubanoviches' damages based on the evidence presented at trial. We agree.

{¶13} A plaintiff who alleges temporary damage to real property may recover "(1) reasonable restoration costs, (2) compensation for the loss of the use of the property between the time of the injury and the restoration, and (3) damages for personal annoyance and discomfort if the plaintiff is an occupant of the property." (Internal citations omitted.) *Horrisberger v. Mohlmaster*, 102 Ohio App.3d 494, 499 (9th Dist.1995). In every case, however, a plaintiff must prove damages with "reasonable certainty" rather than speculation or conjecture. *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 22, quoting *Henderson v. Spring*

*Run Allotment*, 99 Ohio App.3d 633, 642 (9th Dist.1994). "Without adequate proof of damages, an award of damages in any amount cannot be sustained." *Prince* at ¶ 22.

{¶14} The Lubanoviches estimated their damages at $8,457.47, which included $2,500 for pain and suffering. The trial court determined that they had not proved that component of their damages, but awarded $6,239 in damages attributable to repair of the basement. It is unclear how the trial court derived this number from the evidence that was actually admitted at trial, but the Lubanoviches' brief suggests that it represents an estimate that they received for the basement repair. According to their brief, the Lubanoviches "intended" to use this estimate, but the record demonstrates that the trial court decided it was not the best evidence of a reasonable repair value and excluded the document on that basis. In any event, the Lubanoviches did not try to introduce the document at trial.

{¶15} With respect to the evidence that was admitted, Mr. Lubanovich testified that he did most of the repair work himself and assigned a value of $10 per hour to his labor. He did not provide an accounting of how those hours were spent. He contracted some of the work, but did not have receipts for payment and could only offer estimates of the labor costs. The Lubanoviches submitted several receipts for construction materials, but Mr. Lubanovich also testified that other receipts for materials were missing. They estimated that it cost $1,000 to replace the basement floor, but also acknowledged this estimate was a "best guess." Mr. Lubanovich testified that he kept track of the repair costs in a spreadsheet, but that document was not admitted into evidence. The Lubanoviches did submit a letter that had been sent to McGlocklin demanding payment for estimated repair costs and an accompanying breakdown of costs, but Ms. Lubanovich stated that "those amounts were changed[.]" Mr. McGlocklin testified that he would have repaired the basement for $2,500.

{¶16} The Lubanoviches' damages are supported by some evidence in the record, but in certain respects, the testimony is purely speculative. In any event, the full amount of $6,239 is not supported by the record and was not established with reasonable certainty. In other words, while there is some evidence that could support a damage award, the trial court erred in its calculation of damages. McGlocklin's third assignment of error is sustained.

### III.

{¶17} McGlocklin's first and second assignments of error are overruled. His third assignment of error is sustained. The judgment of the Wadsworth Municipal Court is affirmed in part and reversed in part, and this matter is remanded so that the trial court may calculate damages based on the existing record consistent with our resolution of McGlocklin's third assignment of error.

Judgment affirmed in part
and reversed in part
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN BROOKS CAMERON and CHRISTOPHER JANKOWSKI, Attorneys at Law, for Appellant.

EDWARD and NANCY LUBANOVICH, pro se, Appellees.