[Cite as *Vega v. Friberg*, 2024-Ohio-2797.]

STATE OF OHIO            )             IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

JORGE VEGA                             C.A. No.      30814

    Appellant

    v.                                 APPEAL FROM JUDGMENT
                                       ENTERED IN THE
MICHAEL FRIBERG, et al.                COURT OF COMMON PLEAS
                                       COUNTY OF SUMMIT, OHIO
    Appellees                          CASE No.      CV-2021-01-0111

DECISION AND JOURNAL ENTRY

Dated: July 24, 2024

STEVENSON, Presiding Judge.

{¶1}     Plaintiff-Appellant, Jorge Vega ("Vega"), appeals from the judgment of the Summit County Court of Common Pleas that granted Defendants-Appellees', Michael Friberg and Friberg Landscape and Construction, LLC's (collectively "Friberg"), motion to enforce settlement agreement.  For the reasons set forth below, this Court affirms.

I.

{¶2}     The underlying matter involves a complaint Vega filed against Friberg setting forth various causes of action due to Friberg's alleged poor construction of a deck on Vega's residence. The trial court conducted a final pretrial in mid-April 2023 facilitated by the court's magistrate. Both parties and their counsel were present and settlement negotiations ensued.  The pretrial concluded without a final resolution, although Friberg contends there was an open settlement offer from Vega which he accepted before trial.

**{¶3}** Two days prior to trial, Friberg filed a motion to enforce the settlement agreement. The next day, Vega's counsel withdrew. Through newly-retained counsel, Vega responded in opposition to Friberg's motion. The trial court heard the motion on the scheduled trial date. Vega's prior counsel ("P.C."), Friberg's counsel, the trial court magistrate, and Vega testified. At the conclusion of the hearing, prior to issuing a ruling, the trial judge offered to recuse herself to avoid any perception of bias due to her magistrate appearing and testifying at the hearing. In response, Vega orally requested that the trial judge recuse herself and that a new judge be appointed to review the transcript of the hearing. After the hearing, Vega filed an amended opposition to Friberg's motion to enforce the settlement agreement.

**{¶4}** A new judge was appointed, and after reviewing the transcript of the hearing, she granted Friberg's motion, finding by clear and convincing evidence that the parties had entered into a settlement agreement following the pretrial.

**{¶5}** Vega timely appealed and asserts a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION TO ENFORCE A SETTLEMENT AGREEMENT BECAUSE THE TRIAL COURT SHOULD HAVE HELD A FORMAL HEARING TO DETERMINE WHETHER THE SETTLEMENT AGREEMENT WAS ENFORCEABLE, AND THE TRIAL COURT SHOULD NOT HAVE RELIED ON TESTIMONY GIVEN FROM A PREVIOUS HEARING, PARTICULARLY TESTIMONY FROM APPELLANT'S FORM[ER] COUNSEL, WHOM THE COURT HAD EVIDENCE WAS NOT A CREDIBLE WITNESS.**

**{¶6}** Vega argues that the trial court erred by relying on the testimony of P.C. regarding whether there was an enforceable settlement agreement between the parties. Vega contends that P.C. was an unreliable witness because he did not have the authority to negotiate on Vega's behalf,

and the trial court had evidence that P.C. misrepresented his authority. Vega maintains that the trial court should have held a new hearing. We disagree with Vega because, as explained below, the requisite quantum of evidence was presented to support the trial court's ruling.

{¶7} "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation * * *." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). "This Court recognizes that settlement agreements are highly favored by the law." *Brown v. Dillinger*, 2006-Ohio-1307, ¶ 10 (9th Dist.). Because a settlement agreement constitutes a binding contract, a trial court has authority to enforce the agreement in a pending lawsuit. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36 (1984), citing *Spercel v. Sterling Indus., Inc.*, 31 Ohio St.2d 36 (1972).

{¶8} "'An agreement is enforceable if it encompasses the essential elements of the bargain.'" *Ruffian, LLC v. Hayes*, 2011-Ohio-831, ¶ 17 (10th Dist.), quoting *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167, 169 (8th Dist. 1983). "'Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'" *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). In addition, there must be a "meeting of the minds as to the essential terms" of the agreement. *Id.* "Whether a meeting of the minds has occurred as to the essential terms of a contract is a question of fact to be determined from all the relevant facts and circumstances." *Clark v. Corwin*, 2018-Ohio-1169, ¶ 14 (9th Dist.).

{¶9} "Once a settlement offer has been accepted, the settlement agreement is mutually binding; the settlement agreement cannot be set aside simply because one of the parties later changes its mind." *Rayco Mfg., Inc. v. Murphy, Rogers, Sloss & Gambel,* 2019-Ohio-3756, ¶ 68

(8th Dist.); *see also Santomauro v. SUMSS Property Mgt., LLC*, 2019-Ohio-4335, ¶ 37 (9th Dist.) ("Once the parties have assented to the terms of a settlement, the settlement agreement exists such that it cannot be repudiated by either party[.]").

{¶10} "[A] settlement agreement may be enforced regardless of whether it has been reduced to writing, as long as the terms of the agreement can be established by clear and convincing evidence." *Brilla v. Mulhearn*, 2006-Ohio-3816, ¶ 20 (9th Dist.). Clear and convincing evidence is that "'which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 122 (1991), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶11} Regarding our standard of review, we have previously established that "where the dispute is whether the evidence shows that a settlement agreement exists, this Court will not reverse the trial court's finding where there is 'sufficient evidence to support such finding.'" *Clark,* 2018-Ohio-1169, at ¶ 13, quoting *Brown,* 2006-Ohio-1307, at ¶ 7. Here, Vega contests the trial court's finding that a settlement agreement exists. Accordingly, we must decide whether there was sufficient evidence to support the trial court's factual findings. *Clark* at ¶ 13. "When a defendant argues that the judgment in a civil case is supported by insufficient evidence, we must determine whether, viewing the evidence in the light most favorable to the [moving party], a reasonable trier of fact could find in favor of the [moving party]." *Lubanovich v. McGlocklin*, 2014-Ohio-2459, ¶ 8 (9th Dist.). Therefore, in determining whether the trial court's ruling here was supported by insufficient evidence, "we must determine whether, viewing the evidence in the light most favorable to [Friberg], a reasonable trier of fact could find in favor of [Friberg]." *Id.*

{¶12} Our review of the transcript of the hearing reflects that Vega's counsel, the magistrate, and P.C. all shared the same recollection as to what transpired at the April 13, 2023,

pretrial regarding the nature and status of the parties' settlement negotiations. That testimony is summarized as follows. The parties were not in the same room, so the magistrate went back and forth between them. During the negotiations, P.C. made an offer on behalf of Vega to settle the matter for $10,000, payable over three years. The offer did not have an expiration date. Friberg did not reject or accept the offer but indicated that he would need time to assess his finances. Vega did not withdraw the offer. Thus, the pretrial concluded with Vega's offer still on the table with the understanding that the parties were going to continue to work towards a resolution before the April 27, 2023, trial date.

{¶13} On April 21, 2023, counsel spoke to one another by phone. On April 24, 2023, Friberg's counsel sent P.C. a text message that Friberg accepted Vega's $10,000 offer and "would be making payment very, very soon." P.C. then sent Vega an email informing him that "Friberg has accepted your offer of the $10,000. FYI." Vega responded to P.C. that he never made an offer of $10,000, did not agree to the same, and wanted to go to trial. On April 26, 2023, the day after filing the motion to enforce settlement agreement, Friberg deposited $10,000 in escrow with the trial court.

{¶14} In response to the trial court's inquiry whether he had Vega's consent to settle the matter for $10,000, P.C. responded, "I did, Your Honor." He also stated that the post-pretrial filings of subpoenas were made in order to comply with the court's case management order and to protect his client should the matter proceed to trial, not because Vega had abandoned settlement negotiations. The magistrate testified that she overheard P.C. make the offer to Friberg's counsel to settle the case for $10,000 payable over three years.

{¶15} Vega's version of the negotiations was that he offered to settle the case for $15,000, which Friberg rejected, and never authorized P.C. to settle for $10,000. He also stated that he

directed P.C. to proceed to trial and that P.C.'s numerous filings after the pretrial corroborate his position that his offer was rejected, that negotiations had ceased, and the parties were preparing for trial. He points to his email to P.C. dated April 24, 2023, in which he stated that he never made an offer for $10,000.

{¶16} Upon review of the record, viewing the evidence in the light most favorable to Friberg, we conclude that a reasonable trier of fact could find that there was sufficient evidence to support a finding that a meeting of the minds had occurred and a valid settlement agreement formed upon Vega's offer of $10,000 to Friberg and Friberg's acceptance of that offer. *See Kostelnik,* 2002-Ohio-2985, at ¶ 16; *Clark,* 2018-Ohio-1169 at ¶ 8. That finding is supported by the testimony of P.C., Friberg's counsel, and the trial court magistrate. Friberg's acceptance of Vega's offer made the settlement agreement mutually binding such that Vega's change of heart after the fact is not a valid reason for setting it aside. *Rayco Mfg.*, 2019-Ohio-3756, at ¶ 68; *Santomauro,* 2019-Ohio-4335, at ¶ 37. Therefore, the trial court did not err in granting Friberg's motion to enforce the settlement agreement. Vega's assignment of error is overruled.

## III.

{¶17} Accordingly, based on the foregoing, Vega's single assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I concur in the majority's judgment. Mr. Vega has not demonstrated on appeal that the trial court lost its way in its credibility determinations or in weighing the evidence. The trial court noted that three witnesses provided similar testimony concerning the status and nature of the offer at the time of the pretrial. It is clear that the trial court found their collective testimony credible.

{¶19} Moreover, despite his claim to the contrary, Mr. Vega did not request a new hearing in his amended objection to the motion to enforce the settlement agreement, nor has he pointed to

any other documents in the record wherein he requested one.  Thus, Mr. Vega has not demonstrated that the trial court erred in failing to hold a new hearing.

{¶20}  Accordingly, I concur in the majority's judgment.


APPEARANCES:

HANNE-LORE M. GAMBRELL, Attonrey at Law, for Appellant.

DONALD R. HICKS, Attorney at Law, for Appellee.