DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Martha and Edward Bretzfelder had been married for forty years when Martha filed a complaint for divorce. Two years later, when they appeared for trial, Martha and Edward agreed to a settlement and placed the terms of their agreement on the record. The trial court converted their divorce to an action for legal separation and agreed to incorporate the terms of their agreement into the decree. Edward now argues that (1) the trial court should have known that he lacked the mental capacity to enter into a settlement agreement; (2) the parties did not move the trial court to accept the terms of the separation agreement; and (3) the trial court did not divide of all of the parties' financial assets. This Court affirms because (1) Edward did not raise the issue of his mental capacity in the trial court and cannot raise it for the first time on appeal; (2) the parties asked the trial court to grant a legal separation on the terms to which they *Page 2 
had agreed; and (3) the record on appeal does not demonstrate that assets were omitted from the property division.
 FACTS {f2} Martha and Edward married on July 3, 1965, and are the parents of one adult daughter. On January 14, 2005, Martha filed a complaint for divorce. Edward counterclaimed. Over the next two and one-half years, the parties disputed the value of the marital residence and certain pieces of jewelry and objects of art. Martha and Edward appeared for a trial on November 7, 2006, and were the only witnesses. Edward, who appeared without an attorney, described the parties' assets, including numerous financial accounts and items of personal property. The parties discussed settlement during their lunch break and reached an agreement. Martha's attorney read the agreement into the record, and the trial court verified that Martha and Edward entered into the agreement voluntarily. They also confirmed that they understood that the settlement reflected a compromise and that the trial court may have reached different conclusions after a full trial. The trial court granted Edward and Martha a legal separation and ordered them to submit a final judgment entry for the court's signature.
{f 3} The parties did not submit a judgment entry, and the trial court ordered Edward and Martha to appear in court on January 10, 2007. Once again, Edward appeared without an attorney. Martha's attorney explained the parties' settlement, and Edward responded, saying, "That day — I'm agoraphobic and I'm manic. I'm on a tremendous amount of medication. It was at the end of the day, a very long, long day." Edward then told the magistrate that he was having a panic attack and tried to leave the courtroom. The magistrate ordered Martha's attorney to provide a judgment entry and to follow the procedures for approval and submission to the court *Page 3 
set forth in Local Rule 19 of the Summit County Court of Common Pleas, Domestic Relations Division.
{f4} Martha's attorney prepared a judgment entry, which was approved by the trial court on March 14, 2007. The judgment entry included a finding that the settlement agreement "was entered into freely and voluntarily by both parties" and that "both parties accepted this agreement as a full and complete release of all of their marital rights, duties and obligations." Edward has appealed from that judgment, assigning one error.
 THE SEPARATION AGREEMENT {f 5} Edward's assignment of error is that the trial court incorrectly adopted the terms of the parties' settlement and entered a decree of legal separation. He has argued that (1) he was mentally incompetent on the day of trial; (2) neither party moved the trial court to accept the terms of the separation agreement; and (3) the agreement failed to dispose of all of the parties' assets. With respect to his first argument, Edward has asserted that the trial court should have noticed his incompetence from his testimony and demeanor and should have sua sponte declared that the settlement agreement was invalid. As evidence of his incompetence, Edward has pointed to his own allegedly inconsistent statements and his testimony that he depended on prescription medication to manage court appearances.
{f 6} When a settlement agreement has been reached out of the presence of the court, the trial court may enter judgment reflecting the terms of the agreement as long as there are no factual disputes concerning its terms. Haas v. Bauer, 156 Ohio App. 3d 26, 2004-Ohio-437, at ¶ 16
(quoting Muckleroy v. Muckleroy, 9th Dist. No. 14443, 1990 WL 129242 at *3-4 (Sept. 5, 1990)). A party who later claims to have been incompetent to enter into the settlement must demonstrate by clear and convincing evidence that the agreement was executed while he was *Page 4 
mentally incompetent. DiPietro v. DiPietro, 10 Ohio App. 3d 44, 46
(1983). The issue may be raised by moving for relief from judgment. See, e.g., Miller v. Miller, 7th Dist. No. 05 MA 111, 2006-Ohio-1288;Killa v. Killa, 7th Dist. No. 03 MA 101, 2004-Ohio-566.
{f 7} In this case, however, Edward has raised the issue of his alleged incompetence for the first time on appeal. "It is a well established rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court." Bank One N.A. v. Swartz, 9th App. Dist. No. 03CA008308,2004-Ohio-1986, at ¶ 17. His failure to raise this issue before the trial court forfeited the objection for purposes of this appeal. SeeHolman v. Grandview Hosp. Med. Ctr., 37 Ohio App. 3d 151, 157 (1987). See, also, State v. Payne, 114 Ohio St. 3d 502, 2007-Ohio-4642, at ¶ 23.
{f 8} Edward's second argument is that the trial court incorrectly approved the terms of the settlement agreement in violation of Section 3105.10(B)(2) of the Ohio Revised Code because neither party moved the court to approve the settlement agreement. This section contemplates a separation agreement that the parties had previously entered into, and provides a mechanism for a party to subsequently move the court for enforcement of the terms if the interests of justice require. See e.g.,Moore v. Moore, 12th Dist. No CA2006-09-066, 2007-Ohio-4355, at ¶ 26-31;Schneider v. Schneider, 110 Ohio App. 3d 487, 491 (1996). As this section does not set forth a procedure for the adoption or approval of agreements, Edward's reliance on Section 3105.10 for that purpose is misplaced. In any event, the transcript of the proceedings in this case demonstrates that Edward and Martha requested a legal separation based on the terms of their agreement. Edward's second argument is without merit. *Page 5 
 {¶ 9} Edward's final argument is that the trial court incorrectly adopted the terms of the agreement because it failed to divide all of the parties' assets. As the appellant, Edward had the duty to provide this Court a record sufficient to demonstrate the errors that he has assigned. See Knapp v. Edwards Labs., 61 Ohio St. 2d 197, 199 (1980). The record in this appeal does not contain the exhibits that were submitted at trial, and the transcript of Edward's testimony before the trial court does not demonstrate that any assets were omitted from the settlement agreement. Edward's third argument is without merit.
 CONCLUSION {f 10} The trial court did not abuse its discretion by adopting the terms of the parties' settlement and entering a decree of legal separation. Edward's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 6 
Costs taxed to appellant.
 Carr, P. J. and Moore, J., concur. *Page 1