**[Cite as *Clark v. Corwin*, 2018-Ohio-1169.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| LISA MARIE CLARK | C.A. No.    28455 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RUSSELL W. CORWIN, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    CV-2012-03-1723 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

SCHAFER, Presiding Judge.

{¶1}    Plaintiff-Appellant, Lisa Clark appeals the order of the Summit County Court of Common Pleas denying her motion to enforce settlement agreement and request for sanctions. For the reasons that follow, we affirm.

I.

{¶2}    This is the second appeal in this matter. *See Clark v. Corwin*, 9th Dist. Summit Co. 27524, 2015-Ohio-4469.  After remand from the first appeal, the parties agreed to mediate the matter and ultimately consented to a settlement.  At the close of mediation, the parties signed a mediation status report identifying the terms to be included in a more formal document ("settlement term sheet").  However, after several months of back and forth the parties could not agree on the exact language to be used in the formal, written settlement agreement. Consequently, the parties filed competing motions to enforce the settlement agreement.  The trial

court held a hearing and thereafter granted Corwin's motion to enforce in an order filed November 7, 2016.

{¶3} Clark filed this timely appeal, raising six assignments of error for our review. As Clark's first, second, and third assignments of error raise similar issues, we elect to address them together.

II.

### Assignment of Error I

**The trial court erred in denying [Clark]'s motion to enforce the settlement term sheet and instead binding [Clark] to a contract for which she received no [consideration] and which contains terms to which she never agreed.**

### Assignment of Error II

**The trial court erred by allowing [Corwin] to unilaterally add terms to a written memorialization beyond that to which the parties agreed.**

### Assignment of Error III

**The trial court erred by binding [Clark] to a contract with people and entities she does not know, with whom she is not in privity, against whom she asserted no claims, and who are not parties to this lawsuit.**

{¶4} In her first, second and third assignment of error, Clark contends that the trial court erred when it denied her motion to enforce, erred by allowing Corwin to add terms to the agreement, and erred by binding her to a contract with parties with whom she was not in privity and against whom she did not assert any claims and were not parties to the lawsuit. We disagree.

{¶5} "The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the question presented." *Tech. Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 18. This Court will not overturn a trial court's findings on an evidentiary question if there was sufficient evidence to support such finding. *Id.* citing *Chirchiglia v. Bur. of Workers' Comp.*, 138 Ohio

App.3d 676, 679 (7th Dist.2000). However, if the dispute is a question of law, this Court "must review the decision de novo to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law." *New Era Builders* at ¶ 18, citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1995).

{¶6} This matter involves Clark's claims against Corwin for tortious interference with contractual and business relationships. Prior to trial, the parties agreed to settle the matter and signed a settlement term sheet during mediation on March 23, 2016. The trial court found that the settlement term sheet provides as follows:

> Settlement in gross su[m] of $250,000 3 checks – with separate reporting to IRS: wages to Clark, one for non-economic compensatory damages to Clark, & 1 to CG&A for attorneys' fees for full and final release of claims and dismissal of claims in above case against defendants, with prejudice.
>
> Plaintiff will dismiss this case with prejudice. Costs to Defendant Corwin.
>
> 1. (Defendant) to get 1st draft of the settlement agreement to (Plaintiff) w/in 1 week, (Plaintiff) to respond w/in 1 week, agreement to be finalized & signed within 30 days, & checks & fully executed settlement agreement within 21 days thereafter.
> 2. Full material release of claims.
> 3. Confidentiality
> 4. Non-disparagement
> 5. No admission liability
> 6. (Plaintiff) to dismiss w/ prejudice within 7 bus. days of receiving checks & signed settlement agreement.

{¶7} However, after two months of back and forth, the parties were unable agree on the exact language to be used in the written settlement agreement. Accordingly, on July 25, 2016, Clark filed a motion to enforce the settlement agreement and a request for interest, attorney fees, and costs and an amended motion to enforce on September 16, 2016. In her motion, Clark argued that Corwin was attempting to add terms to the agreement to which the parties had not

agreed during mediation. Specifically, Clark argued that Corwin engaged in "bad faith litigation tactics" by attempting to include the following terms: (1) the release of parties in addition to Corwin; (2) a confidentiality agreement for individuals other than Corwin; (3) an indemnification provision; (4) a "21-day waiting period for the settlement checks"; and (4) a liquidated damages provision.

{¶8} Corwin filed his own motion to enforce the settlement agreement and response to Clark's motion to enforce on August 31, 2016, and an amended motion to enforce and response to Clark's amended motion to enforce on September 27, 2016. Corwin argued therein that the settlement reached during mediation was memorialized in a settlement agreement approved by Clark through her counsel on May 4, 2016, or at the latest May 13, 2016. Corwin further argued that Clark was demanding payment without first providing a fully executed settlement agreement agreed to in the settlement term sheet signed during mediation.

{¶9} Thereafter, the trial court held a hearing on the parties' motions. During the hearing, Clark, Corwin, and Attorney Sarkar, on behalf of Corwin, testified as to their understanding of the settlement agreement. The court was also provided with a binder containing all correspondence between the parties following the March 23, 2016 mediation. In its journal entry following the hearing, the trial court recognized that both parties asserted that the settlement agreement memorialized in the settlement term sheet is unambiguous and reflects the intent of the parties, but that the parties disagreed as to the meaning of two of the material terms above. First, the parties disagreed as to whether the phrase "dismissal of claims in the above case against defendants" and the "full material release of claims" referred only to Corwin individually, as argued by Clark, or whether it included Corwin's company, R.W. Corwin Company, LLC ("R.W. Corwin Co." ), as argued by Corwin. Second, the parties disagreed as to

whether the phrase "within 21 days thereafter" means that payment of the checks was due within 21 days from the date of mediation, as argued by Clark, or that payment of the checks was due within 21 days of the date of the parties fully executing a finalized agreement, as argued by Corwin.

{¶10} The trial court ultimately determined that Corwin's understanding of the terms was supported by the record, and granted his motion to enforce. First, in making the determination that Corwin's understanding that the settlement agreement contemplated the full and final release of claims against Corwin and R.W. Corwin Co. was supported by the record, the trial court relied on the following evidence: (1) the settlement term sheet "references 'defendants', plural under the introductory full and final release of claims section"; (2), Corwin's intent to include R.W. Corwin Co. "is consistent with industry best practices"; and (3) counsel for Clark did not take issue with the inclusion of the R.W. Corwin Co. release in "many initial drafts" until May 16, 2016, three days after "[her self-imposed] deadline for receiving the settlement checks." A review of the record shows that the trial court's findings are supported by sufficient evidence. Specifically, the settlement term sheet does use the plural "defendants" when contemplating a "full and final release of claims and dismissal of claims." Additionally, Attorney Sarkar testified at the hearing that during mediation, Corwin was very clear that "mediation had to achieve full and final release" as to Corwin's companies. He further testified that this type of language in a settlement agreement is "not unusual" but rather, "very customary" and "typical." Additionally, Corwin himself testified that he understood that the agreement would cover him and the companies involved. Although Clark testified that she had never seen a draft of the proposed settlement agreement, was not aware of their contents, and only intended to release Corwin individually, the trial court did not find her testimony credible based on an email

wherein her attorney stated "Ms. Clark agrees to the way you have worded paragraph 2 with regard to the 3 checks." Indeed, further examination of that same email, sent on May 13, 2016, shows that Clark's attorney stated that if Corwin's attorney made a change unrelated to the release of claims against R.W. Corwin Co. that Clark would sign the proposed settlement agreement. Likewise, a review of the correspondence between Corwin's counsel and Clark's, shows that language including R.W. Corwin Co. was included in the proposed settlement agreement on May 13, 2016, and had been included in all prior drafts of the proposed settlement agreement and that Clark did not take issue with this language until May 16, 2016.

{¶11} Second, in determining that Corwin's understanding that the settlement agreement contemplated payment of the checks within 21 days of the date the parties fully executed a finalized agreement, the trial court reasoned that Clark's interpretation would render the prior terms and deadlines outlined in the term sheet "meaningless because once payment has been tendered, there would be less of an incentive for the recipient of the payment to cooperate in executing the final settlement agreement." A review of the record shows that the trial court's determination is based on sufficient evidence. Specifically, Clark's interpretation of the 21 day provision would have required Corwin to pay Clark the settlement funds regardless of whether Corwin received any consideration from Clark for those funds, thereby, rendering many of the terms on the settlement term sheet meaningless. *See Dellagnese Constr. Co. v. Nicholas*, 9th Dist. Summit No. 22951, 2006-Ohio-4350, ¶ 13 ("'In the construction of a contract[,] courts should give effect, if possible, to every provision therein contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter

construction must obtain.'"), quoting *Farmers Nat'l Bank v. Delaware Ins. Co.*, 83 Ohio St. 309, syallbus (1911).

{¶12} Nonetheless, the trial court further found, in the alternative, that "should the [above] two terms be considered ambiguous and/or there was no meeting of the minds of the parties as to said terms, * * * *that the parties came to a subsequent enforceable agreement with respect to all necessary terms and conditions no later than on May 13, 2016*." (Emphasis added.) In making this determination, the trial court found that: (1) counsel for Clark did not take issue with the language regarding the release of claims against R.W. Corwin Co. until May 16, 2016; and (2) "although Clark did not agree with the 21 day language used, the preponderance of the evidence indicates that Corwin was ready and willing to make full payment upon receipt of the signed agreement by Clark."

{¶13} "[W]here the dispute is whether the evidence shows that a settlement agreement exists, this Court will not reverse the trial court's finding where there is 'sufficient evidence to support such finding.'" *Brown v. Dillinger*, 9th Dist. Medina No. 05CA0040-M, 2006-Ohio-1307, ¶ 7, quoting *Carnahan v. City of London*, 12th Dist. Madison No. CA2005-02-005, 2005-Ohio-6684, ¶ 9. "Furthermore, 'when the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement.'" (Alterations sic.) *Feathers v. Tasker*, 9th Dist. Summit No. 26318, 2012-Ohio-4917, ¶ 7, quoting *Shelter v. Shelter*, 9th Dist. Wayne No. 00CA0070, 2001 Ohio App. Lexis 2289, *4-5 (May 23, 2001).

{¶14} The Supreme Court of Ohio has recognized that "all agreements have some degree of indefiniteness and some degree of uncertainty. In spite of its defects, language renders a practical service. In spite of ignorance as to the language they speak and write, with resulting

error and misunderstanding, people must be held to the promises they make." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 17. Nonetheless, "'[t]o constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear,' and if there is uncertainty as to the terms then the court should hold a hearing to determine if an enforceable settlement exists." *Id.* at ¶ 17, quoting *Rullie v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). "There is no valid contract where the parties have not had a meeting of the minds as to the essential terms." *J. Bowers Constr. Co. v. Gilbert*, 9th Dist. Summit No. 27055, 2014-Ohio-3576, ¶ 8; *Kostelnik* at ¶ 16. "A dispute over the meaning of a term does not constitute an absence of a material term that could defeat the enforceability of the contract." *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2011-Ohio-5411, ¶ 14. "If less essential terms are omitted from an agreement, they may be resolved by 'later agreement or judicial resolution.'" (Internal quotations omitted.) *Murra v. Farrauto*, 10th Dist. Franklin No. 16AP-347, 2017-Ohio-842, ¶ 16, quoting *Ruffian, LLC v. Hayes*, 10th Dist. Franklin No. 09AP-948, 2011-Ohio-831, ¶ 17. Whether a meeting of the minds has occurred as to the essential terms of a contract is a question of fact to be determined from all the relevant facts and circumstances. *Aber v. Vilamoura*, 184 Ohio App.3d 658, 2009-Ohio-3364, ¶ 10 (9th Dist.2009).

{¶15} A review of the record shows that the trial court's alternative finding that the parties reached a subsequent enforceable agreement with respect to all necessary terms and conditions no later than on May 13, 2016, is supported by sufficient evidence. First, in the months following mediation, at least six separate proposals, revised drafts, and counterproposals were made. However, a review of the correspondence between Clark's and Corwin's counsel shows that although Clark expressed concern over much of the language in the proposed agreements, Clark did not object to the language present in all prior proposed agreements

referencing the release of claims against R.W. Corwin Co. until May 16, 2016. On May 13, 2016, Clark's attorney sent an email to Corwin's attorney stating the following:

> Ms. Clark agrees to the way you have worded paragraph 2 with regard to the three checks
>
> Paragraph 3 need to be changed. The checks are due today – with or without the signed settlement agreement. Your client does not get an additional "21 calendar days following the date of full execution of this Agreement by all the Parties hereto * * *" to deliver the settlement checks and a signed copy of the settlement agreement to me.
>
> *The rest of the agreement looks fine*.
>
> *Please make that change and Ms. Clark will sign.*

(Emphasis added.) In response, also on May 13, 2016, Corwin's attorney sent an email stating that although he disagreed with Clark's contention with regard to "paragraph 3", that if Clark signed the agreement and her attorney was able to email or deliver the signed copy, he would have checks ready to give her. Subsequently, on May 16, 2016, Clark's attorney proposed a revised version of Corwin's proposed settlement agreement wherein Clark's counsel first took issue with the language referencing R.W. Corwin Co. and modified "paragraph 3" to reflect a payment deadline within 10 days of receipt of the agreement signed by Clark.

{¶16} Accordingly, based on the undisputed facts in this case, Corwin was ready, able, and willing to give Clark the settlement checks upon receipt of a signed settlement agreement on May 13, 2016, as demanded by Clark. Thus, the parties' dispute over the 21-day period to remit the settlement checks was superfluous. For that reason, we conclude that based on the relevant facts and circumstances in this case, the trial court's alternative finding that the parties had a meeting of the minds as to all essential terms was based on sufficient evidence. *See Aber*, 2009-Ohio-3364 at ¶ 10.

{¶17} Clark's first, second, and third assignment of error are overruled.

**Assignment of Error IV**

**The trial court erred in denying [Clark] costs, interest, and attorneys' fees.**

**{¶18}** In her fourth assignment of error, Clark contends that the trial court erred by denying her motion for costs, interest, and attorney fees because Corwin engaged in "bad faith litigation tactics" by attempting to add terms to the settlement. We disagree.

## A. Sanctions

**{¶19}** Absent an abuse of discretion, this Court will not reverse a trial court's determination on a motion for attorney fees. *LEH Props. v. Pheasant Run Ass'n*, 9th Dist. Lorain No. 10CA009780, 2011-Ohio-516, ¶ 22. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219.

**{¶20}** Generally, Ohio courts have "adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation. However, there are exceptions to the rule." *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987), and *State ex rel. Beebe v. Cowley*, 116 Ohio St. 377, 382 (1927). For example, "[a]ttorney fees may be awarded if 'the party against whom the fees are taxed was found to have acted in bad faith.'" *Aber*, 2009-Ohio-3364, at ¶ 21. However, this Court has expressly recognized that "'[a] party seeking fees because the opposing party acted in bad faith must be the prevailing party and must prove that the opposing party acted in bad faith.'" *Pheasant Run Ass'n* at ¶22, quoting *Hall v. Frantz*, 9th Dist. Summit No. 19630, 2000 Ohio App. LEXIS 2186, *19.

**{¶21}** In this case, the trial court determined that Clark was not entitled to an award of sanctions in the form of attorney fees and costs because neither Corwin nor his counsel acted in bad faith or in any frivolous manner. Indeed, a review of the record shows that a legitimate dispute existed between the parties as to the meaning of two terms within the settlement term sheet. Moreover, Clark did not prevail on her motion to enforce in the trial court and our resolution of Clark's first, second, and third assignments of error affirms the trial court's denial of Clark's motion to enforce. *See Pheasant Run Ass'n* at ¶ 22; App.R. 12(A)(1)(c).

### B. Interest

**{¶22}** Clark also argues that the trial court erred by not awarding her post-settlement interest from the date of the settlement agreement entered March 23, 2016, at the mediation hearing. We disagree.

**{¶23}** Pursuant to R.C. 1343.03, when money becomes "due and payable" upon any settlement between parties, the creditor is entitled to interest. Accordingly, "[t]he date of a written settlement agreement becomes the date from which postsettlement interest accrues, unless the parties to such a settlement agreement negotiate a different due and payable date and incorporate that into the written settlement agreement." *Bellman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, ¶ 14. "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *Allen v. Bennett*, 9th Dist. Summit No. 25252, 2011-Ohio-1210 at ¶ 20.

**{¶24}** In this case, the trial court determined that Clark was not entitled to the award of interest because such an award would unfairly benefit Clark where she has continued to dispute the terms of the agreement including the payment due date and the release of claims. The court also noted that Corwin was ready, willing, and able to make payment on May 13, 2016, once

Clark and her counsel signed the settlement agreement, but that Clark and her counsel failed to do so.

{¶25} The Supreme Court of Ohio articulated the public policy reasons behind the award of interest in the following way:

> [A]*ny statute awarding interest* has the * * * purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff. Therefore, the entitlement to interest, whether it be prejudgment interest, postjudgment interest, or postsettlement interest, is allowed, not only on account of the loss which a creditor may be supposed to have sustained by being deprived of the use of his money, but on account of the gain being made from its use by the debtor.

(Emphasis sic.) (Internal citations omitted.) *Hartman v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, ¶ 12.

{¶26} We previously determined that the trial court did not abuse its discretion when it determined that the parties had entered into a subsequent agreement on May 13, 2016. That subsequent agreement contains an integration clause wherein the parties agreed that the subsequent agreement was "the entire agreement between the parties with respect to the subject matter hereof." Although Clark did not agree with the additional 21-day period within which Corwin was required to deliver the settlement payment, the trial court found this disagreement inconsequential as "the preponderance of the evidence indicates that Corwin was ready and willing to make full payment upon receipt of the signed agreement by Clark." Accordingly, the trial court ordered Corwin's attorney to timely present a signed copy of the settlement agreement to Clark's attorney for signature. The trial court further ordered that Corwin's attorney "have the settlement checks available for delivery or pickup the same day that [Clark's attorney] presents the signed settlement agreement back to them." *See Murra*, 10th Dist. Franklin No. 16AP-347, 2017-Ohio-842 at ¶ 16 ("If less essential terms are omitted from an agreement, they may be

resolved by 'later agreement or judicial resolution.'"), quoting *Ruffian*, 2011-Ohio-831, at ¶ 17. Therefore, we conclude that the earliest time payment of the settlement would be due and payable is the day Clark's attorney presented the signed settlement agreement back to Corwin's attorney and not on March 23, 2016 as maintained by Clark.

{¶27} Accordingly, Clark's fourth assignment of error is overruled.

### Assignment of Error V

**The trial court erred by dismissing [Clark]'s lawsuit with prejudice without [Clark]'s knowledge or consent, and without [Clark] having received her bargained-for consideration.**

{¶28} In her fifth assignment of error, Clark contends that the trial court erred by dismissing her lawsuit with prejudice, without her knowledge or consent, and without Clark having received her bargained-for consideration.

{¶29} Although Clark does not develop this argument or cite to any authority, *see* App.R. 16(A)(7), we note that the order at issue in the current appeal does not dismiss Clark's suit. Rather, the order filed November 7, 2016, and presently before this Court: (1) denies Clark's motion to enforce; (2) denies Clark's motion for sanctions and interest; (3) grants Corwin's motion to enforce; (4) orders Corwin's attorney to timely present a signed copy of the settlement agreement to Clark's attorney for signature and further ordered that Corwin's attorney "have the settlement checks available for delivery or pickup the same day that [Clark's attorney] presents the signed settlement agreement back to them;" and (5) ordered, counsel for Corwin to timely present to the Court "a journal entry reflecting the agreement and to enforce settlement" if Clark or her counsel refused to sign the settlement agreement.

{¶30} As the order on appeal does not dismiss Clark's lawsuit and Clark has failed to develop her argument or cite to any authority, her fifth assignment of error is overruled.

**Assignment of Error VI**

**The trial court erred by depriving [Clark] of her property (settlement funds) without due process.**

{¶31}  In her sixth assignment of error, Clark contends that the trial court erred by depriving her of her settlement funds without due process when it ordered Corwin to "deposit the full amount of the settlement funds in escrow with the Summit County Clerk of Courts and said fund shall remain there until further order of the [c]ourt" if Clark or her attorney refused to sign the settlement within seven days of receipt.

{¶32}  Although Clark does not develop this argument or cite to any authority, *see* App.R. 16(A)(7), we note that "[t]he United States Supreme Court has held '[t]he fundamental requisite of due process of law is the opportunity to be heard.'"  *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hospital Assn.*, 28 Ohio St.3d 118, 124 (1986), quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914).  "Moreover, '[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Capital One, N.A. v. Sikora*, 9th Dist. Lorain No. 16CA011032, 2017-Ohio-4347, ¶ 5, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

{¶33}  In this case, the court held a hearing on Clark's and Corwin's competing motions to enforce settlement wherein Clark testified and had an opportunity to be heard.  Therefore, we conclude that Clark's argument is without merit.

{¶34}  Accordingly, Clark's fifth assignment of error is overruled.

III.

{¶35}  Clark's assignments of error are overruled.  Therefore, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

CARYN M. GROEDEL, Attorney at Law, for Appellant.

FRANK H. SCIALDONE, NEIL SARKAR and TERRY WILLIAMS, Attorneys at Law, for Appellees.