[Cite as *Vitantonio v. Am. Constr. Group, L.L.C.*, 2024-Ohio-325.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| TERESA VITANTONIO | C.A. No.   30522 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMERICAN CONSTRUCTION GROUP LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.   CV 2019 11 4436 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2024

CARR, Judge.

**{¶1}** Appellant, Teresa Vitantonio, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

**{¶2}** This dispute arises out of a construction project at Vitantonio's Avon residence. The project entailed the installation of a luxury inground swimming pool, a stamped concrete pool deck, a pool house, a raised terrace area, as well as other related structures and features.  In February 2018, Vitantonio entered into a contract with a Hudson company called American Construction Group, LLC ("ACG"), to perform the work necessary to complete the project. Tensions arose between the parties over the course of the following year as numerous aspects of the project went awry.

**{¶3}** On November 19, 2019, Vitantonio filed a civil complaint setting forth numerous causes of action, including breach of contract, fraud, engaging in a pattern of corrupt activity, and

violations of the Home Construction Services Suppliers Act and the Consumer Sales Practices Act. The named defendants in the complaint were ACG, American Pools & Fountains, MDF Development Group, APF Enterprises, Cincinnati Insurance Company, as well as William H. Foster, Erica Perez, and Dennis Artino in their individual capacities ("the Defendants"). Vitantonio subsequently filed an amended complaint wherein she asserted several additional claims.

{¶4} On October 8, 2021, Vitantonio and the Defendants filed a joint notice of settlement indicating that they had reached a settlement and release as to all claims in the case.[1] The settlement agreement set forth various deadlines to ensure that the project would be completed.

{¶5} On June 24, 2022, Vitantonio filed a motion to enforce the settlement agreement and to award liquidated damages. The Defendants filed a brief in opposition to the motion. The matter proceeded to a hearing where Vitantonio, Foster, and Perez gave testimony and the parties presented a number of exhibits, including a copy of the settlement agreement. The trial court permitted the parties to file supplemental briefs after the hearing.

{¶6} The trial court subsequently issued a journal entry granting Vitantonio's motion in part and denying it in part. First, the trial court granted Vitantonio's request for liquidated damages in the amount of $10,000 on the grounds that the defendants failed to cure certain defects within the allotted time frame after receiving a written notice of breach, as was mandated by the parties' settlement agreement. Second, the trial court denied Vitantonio's motion as it related to her claim for specific performance because the defendants completed the construction work on the pool features by the date specified in the settlement agreement. Finally, the trial court denied

---

[1] After a telephone status conference in January 2022, the case was transferred to the trial court's inactive docket.

Vitantonio's request for attorney fees on the basis that there was not a provision pertaining to attorney fees in the settlement agreement and Vitantonio had not demonstrated that the Defendants acted in bad faith.

{¶7}　On appeal, Vitantonio raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DETERMINING THAT ATTORNEY'S FEES COULD NOT BE AWARDED TO A PREVAILING PARTY ON A MOTION TO ENFORCE A SETTLEMENT AGREEMENT IN THE ABSENCE OF AN EXCEPTION TO THE AMERICAN RULE.

{¶8}　In her sole assignment of error, Vitantonio contends that the trial court erred in denying her request for attorney fees on the basis that she had failed to demonstrate an exception to the American Rule.　This Court disagrees.

{¶9}　It is well-settled that Ohio adheres to the American Rule regarding attorney fees, meaning that the prevailing party is generally not entitled to recover attorney fees as a part of the costs of litigation. *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987). Ohio courts have recognized exceptions to the American rule under circumstances where either (1) a statute or an enforceable contract specifically provides for the losing party to pay attorney fees, or (2) the prevailing party demonstrates bad faith on the part of the losing party. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7; *Technical Constr. Specialties, Inc. v. New Era Builders, Inc.*, 9th Dist. Summit No. 25776, 2012-Ohio-1328, ¶ 26 ("As exceptions to [the American Rule], recovery of attorney fees may be permitted if (1) a statute creates a duty to pay fees, (2) the losing party has acted in bad faith, or (3) the parties contract to shift fees.").

{¶10}　Under circumstances involving a motion to enforce a settlement agreement, this Court has observed that, absent a statute or an explicit clause pertaining to the payment of attorney

fees, "[a] party seeking fees because the opposing party acted in bad faith must be the prevailing party and must prove that the opposing party acted in bad faith." (Internal quotations omitted.) *Clark v. Corwin*, 9th Dist. Summit No. 28455, 2018-Ohio-1169, ¶ 20.

{¶11} The trial court held a hearing on the motion to enforce the settlement agreement. Vitantonio testified in support of her motion. William Foster and Erica Perez testified on behalf of the Defendants. The testimony at the hearing focused on the events that had transpired in the months that had elapse d since the parties had reached a settlement. Vitantonio maintained that the Defendants were unwilling to commit the resources necessary to complete the project in the time frame specified by the agreement. Vitantonio further testified that she had incurred a variety of expenses due to the Defendants' failure to complete the project, including additional legal fees. In response, the Defendants insisted that the delays in completing the project were due to inclement weather. The Defendants further argued that any functionality problems with the various features associated with the project were due to maintenance issues, not construction flaws.

{¶12} The parties addressed the issue of attorney fees both during closing arguments at the hearing and in their post-hearing briefs. Vitantonio argued that attorney fees should be part of the compensatory damages awarded upon the finding that there was a material breach of the settlement agreement. Vitantonio reasoned that attorney fees should not be considered part of litigation costs given that "the litigation stops at the time of the settlement." In response, the Defendants stressed that there was not a provision pertaining to attorney fees in the parties' settlement agreement that would allow for an exception to the American Rule.

{¶13} The trial court denied Vitantonio's request for attorney fees. In reaching this conclusion, the trial court found that the settlement agreement did not contain a provision that would allow for an award of attorney fees to a party that prevailed on a motion to enforce a

settlement agreement. The trial court further found that the evidence presented at the hearing did not support the conclusion that the Defendants had acted in bad faith.

{¶14} On appeal, Vitantonio argues that she should not have been required to show bad faith or prove any other exception to the American Rule on attorney fees because this matter involved a motion to enforce a settlement agreement. Vitantonio points to several decisions, including this Court's decision in *Niederst v. Niederst*, 9th Dist. Summit No. 28846, 2018-Ohio-5320, in support of the proposition that a party who prevails on a motion to enforce a settlement agreement is entitled to attorney fees.

{¶15} Vitantonio's argument is without merit. As noted above, this Court has recognized that a party seeking to recover attorney fees for enforcing a settlement agreement is generally required to prove bad faith. *See Clark*, 2018-Ohio-1169, ¶ 20; *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. Lorain No. 10CA009780, 2011-Ohio-516, ¶ 22. Although Vitantonio points to this Court's decision in *Niederst*, that case involved a scenario where an award of attorney fees was challenged on public policy grounds. *Niederst* at ¶ 27. This Court rejected that argument and stressed that the parties had specifically included a provision pertaining to attorney fees in the settlement agreement. *Id*. Unlike *Niederst*, the instant matter involved a settlement agreement that contained a liquidated damages clause and no provision pertaining to attorney fees. In the absence of both a showing of bad faith and a specific clause in the settlement agreement regarding attorney fees, the trial court did not err in denying Vitantonio's request for attorney fees in this case.

{¶16} Vitantonio's assignment of error is overruled

III.

**{¶17}** Vitantonio's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

BRIAN C. MULHALL and NATHAN B. ZION, Attorneys at Law, for Appellant.

JOHN SEBASTIAN, Attorney at Law, for Appellee.

JOSEPH A. PFSUNDSTEIN, Attorney at Law, for Appellee.

THOMAS W. WRIGHT and MATTHEW BARINGER, Attorneys at Law, for Appellee.

ELLEN L. FORNASH, Attorney at Law, for Appellee.