[Cite as *Dean v. Pekin Insurance Co.*, 2026-Ohio-1180.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| RANDY DEAN | | C.A. No. 31327 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PEKIN INSURANCE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV-2023-10-4103 |

DECISION AND JOURNAL ENTRY

Dated: April 1, 2026

FLAGG LANZINGER, Judge.

{¶1} Plaintiff-Appellant Randy Dean appeals the judgment of the Summit County Court of Common Pleas granting Defendant-Appellee Pekin Insurance Company's ("Pekin") motion to enforce a settlement agreement. We affirm.

I.

{¶2} Dean filed a complaint against Pekin asserting he was entitled to underinsured motorist benefits pursuant to an automobile insurance policy issued to him by Pekin. Pekin answered the complaint and the matter proceeded through the pretrial process. Dean's former legal counsel subsequently made a demand upon Pekin for $185,000 in exchange for dismissal of Dean's complaint. Pekin accepted Dean's demand via email. Pekin thereafter sent Dean's former legal counsel settlement documents and a check for $185,000. Dean refused to approve or sign the settlement documents.

{¶3} Pekin thereafter filed a motion to enforce the settlement agreement. In its motion, Pekin asserted Dean and Pekin had entered into a settlement agreement and that Pekin had submitted a settlement draft along with a release and dismissal entry to Dean. However, Dean had refused to execute the release or approve the dismissal entry.

{¶4} Dean filed a motion for an extension of time to respond to Pekin's motion in order to obtain independent legal counsel. The court granted the motion. Dean did not obtain independent legal counsel prior to filing an unrepresented response to the motion.

{¶5} In his response to the motion to enforce the settlement agreement, Dean asserted he was "not able to make a good judg[]ment at that time when [he] gave consent to settle the case[,]" and that he felt pressure to settle. The trial court set the matter for a hearing. Prior to the hearing, Dean obtained independent legal counsel.

{¶6} At the hearing, the trial court heard testimony from Dean's former legal counsel and Dean. The trial court admitted as Exhibit A, a printed copy of an email exchange between Dean's former legal counsel and Pekin's legal counsel concerning the settlement. Following the hearing, the trial court issued an order granting Pekin's motion to enforce the settlement agreement.

{¶7} Dean appeals, raising five assignments of error. We have combined Dean's first and third assignments of error to facilitate our analysis.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN ENFORCING AN ALLEGED SETTLEMENT AGREEMENT WHERE NO MEETING OF THE MINDS EXISTED BETWEEN THE PARTIES.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED IN FINDING THAT [DEAN]'S COUNSEL HAD AUTHORITY TO BIND [DEAN] TO THE ALLEGED SETTLEMENT.**

{¶8} In his first assignment of error, Dean contends the trial court erred in granting Pekin's motion to enforce settlement agreement because the parties did not have a meeting of the minds. In his third assignment of error, Dean contends the trial court erred when it found Dean's former legal counsel had authority to enter into a binding agreement on his behalf. For the following reasons, we overrule Dean's first and third assignments of error.

{¶9} "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation . . . ." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). Settlement agreements are highly favored in the law and enforceable by either party. *Id.* "Consequently, a trial court has the authority to enforce the terms of a settlement agreement reached in a pending case." *M.C. v. Choudhry*, 2022-Ohio-915, ¶ 14 (9th Dist.). "'Where the meaning of terms of a settlement agreement [are] disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment[ ]' on a motion to enforce." (Alternations in original.) *Id.* at ¶ 15, quoting *Rulli v. Fan Co.*, 79 Ohio St.3d 374 (1997), syllabus.

{¶10} The standard of review applicable to a trial court's ruling on a motion to enforce a settlement agreement depends upon the question presented. *Clark v. Corwin*, 2018-Ohio-1169, ¶ 5 (9th Dist.). If the issue before the court is a question of contract law, an appellate court must consider whether the trial court's order is based on an erroneous standard or misconstruction of the law. *Continental W. Condominium Unit Owners Assn.* at 502. However, "where the dispute is whether the evidence shows that a settlement agreement exists, this Court will not reverse the

trial court's finding where there is 'sufficient evidence to support such finding.'" (Alternations omitted.) *Clark* at ¶ 13, quoting *Brown v. Dillinger*, 2006-Ohio-1307, ¶ 7 (9th Dist.).

{¶11} "[A]n oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶15. "'Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'" *Id.* at ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik* at ¶ 16. "Whether a meeting of the minds has occurred as to the essential terms of a contract is a question of fact to be determined from all the relevant facts and circumstances." *Clark* at ¶ 14. "Terms of an oral contract may be determined from 'words, deeds, acts, and silence of the parties.'" *Kostelnik* at ¶ 15, quoting *Rutledge v. Hoffman*, 81 Ohio App. 85 (1st Dist. 1947), paragraph one of the syllabus.

{¶12} Here, the trial court found the parties created "a valid and binding settlement" on the basis that (1) it was undisputed that Dean had given his former legal counsel authority to settle the matter for any amount over $175,000, (2) Dean's former legal counsel made a demand upon Pekin for $185,000, and (3) Pekin accepted the demand offer "in exchange for dismissal with prejudice of the pending case and a standard release."

{¶13} In his first assignment of error, Dean appears to assert that there was no meeting of the minds because he never agreed to accept $185,000 from Pekin in exchange for dismissing his complaint. In support, he claims that his legal counsel "confirmed that his authority extended only to $175,000, not $185,000 . . . ." In his third assignment of error, Dean argues the trial court erred in finding his legal counsel had authority to settle the matter for the larger amount.

{¶14}   Contrary to Dean's assertion on appeal, a review of the hearing transcript shows Dean's former legal counsel expressly testified that Dean had given him authority to negotiate a settlement on Dean's behalf.   He testified that Dean gave him authority to settle the matter for $175,000, but that Dean "wanted more money if we could get it."   Dean's former legal counsel stated that he made the oral demand upon Pekin's legal counsel via telephone, and that Pekin accepted.   Dean's former legal counsel understood the terms of the settlement agreement to be "[Pekin] would pay $185,000 for a full release."   Dean's former legal counsel further testified that after he received the settlement documents and check from Pekin, Dean "started saying . . . he had second thoughts."

{¶15}   Dean testified that after his former legal counsel told him he had received the settlement documents, he told his former legal counsel there was no agreement "because [he] had surgery coming up[,]" "had a lot of physical issues[,]" "[a]nd [he] was suffering from anxiety and panic attacks . . . ."   However, Dean did not dispute his former legal counsel's testimony that Dean had given him authority to settle the matter for $175,000, but that he "wanted more if we could get it."   Dean also did not dispute his former legal counsel's testimony that Dean did not approve the settlement documents because Dean "had second thoughts."

{¶16}   Upon review, we conclude there is sufficient evidence in the record to support the trial court's finding that it was undisputed that Dean gave his legal counsel authority to settle the matter for any amount over $175,000.

{¶17}   Dean's first and third assignments of error are overruled.


**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED BY ENFORCING A SETTLEMENT AGREEMENT ABSENT A WRITTEN AGREEMENT EXECUTED BY THE PARTIES.**

**{¶18}** In his second assignment of error, Dean contends the trial court erred by enforcing an oral settlement agreement. For the following reasons, we overrule Dean's second assignment of error.

**{¶19}** It is undisputed that the parties did not execute a written settlement agreement in this case. "It is preferable that a settlement be memorialized in writing." *Kostelnik*, 2002-Ohio-2985, at ¶ 15. "However, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." *Id.*

**{¶20}** On appeal, Dean asserts "[t]he trial court erred by enforcing a[n oral] settlement based solely on disputed oral testimony and unsigned drafts." However, Dean does not identify what disputed oral testimony he claims the trial court solely based its decision upon and fails to develop an argument to support his assignment of error. When an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

**{¶21}** Dean's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ABUSED ITS DISCRETION BY ENFORCING A SETTLEMENT DESPITE [DEAN]'S TESTIMONY REGARDING INCAPACITY AND LACK OF VOLUNTARINESS.**

**{¶22}** In his fourth assignment of error, Dean contends the trial court erred by granting Pekin's motion to enforce the settlement agreement despite his testimony regarding incapacity and lack of voluntariness. We disagree.

{¶23} In his response to Pekin's motion to enforce the settlement agreement, Dean asserted he was "not able to make a good judg[]ment at that time when [he] gave consent to settle the case[,]" and that he felt pressure to settle the case. In its order, the trial court found that Dean had failed to show he was incompetent to enter into the settlement agreement and/or that he was under any duress at the time of the settlement agreement. On appeal, Dean argues the trial court erred because he testified that "[he] was going in for surgery, [he] was having panic attacks. [He] wasn't in the right state to be making decisions." Dean does not appear to raise an argument related to the trial court's finding that Dean did not show he was under any duress at the time of the settlement agreement. Instead, Dean appears to assert the trial court erred in finding he failed to show he was incompetent to enter the settlement agreement. We disagree.

{¶24} The standard of review applicable to a trial court's ruling on a motion to enforce a settlement agreement depends upon the question presented. *Clark*, 2018-Ohio-1169, at ¶ 5 (9th Dist.). "This Court will not overturn a trial court's findings on an evidentiary question if there was sufficient evidence to support such a finding." *Santomauro v. Sumss Property Mgt., LLC*, 2019-Ohio-4335, ¶ 12 (9th Dist.)

{¶25} "Contractual capacity is an essential element of a contract." *Id.* at ¶ 18, citing *Kostelnik*, 2002-Ohio-2985, at ¶ 16. "A party who enters into a settlement agreement and later claims to have been incompetent to enter into that settlement must demonstrate by clear and convincing evidence that the agreement was executed while he was mentally incompetent." *Santomauro* at ¶ 18, citing *Bretzfelder v. Bretzfelder*, 2008-Ohio-2669, ¶ 6 (9th Dist.). "To demonstrate a lack of competency, a party must show that his mind was so affected at the time he entered the agreement that he did not possess the ability to comprehend the nature or scope of his

act, or to appreciate its effect or consequences." *Santomauro* at ¶ 18, citing *Miller v. Miller*, 2004-Ohio-1989, ¶ 16 (9th Dist.).

{¶26} Our review shows the trial court's finding that Dean did not show he was incompetent to enter into the settlement agreement is supported by record. First, Dean's testimony that "[he] was going in for surgery, [he] was having panic attacks. [He] wasn't in the right state to be making decisions[,]" was not given to show he lacked the mental capacity to authorize his former legal counsel to enter into a settlement agreement. Rather, it was given as an explanation as to why he did not approve the settlement documents. Dean gave this testimony during the following colloquy with his hearing counsel on direct examination:

| Hearing Counsel: | After being told that [former legal counsel] had received settlement documents, do you recall meeting with him in person at any time after that? |
|---|---|
| Dean: | I don't believe so. |
| Hearing Counsel: | Okay. So after he told you that, at some point you told him, no, there is no settlement; is that correct? |
| Dean: | Yes, because I had surgery coming up in I believe February and I had texted [former legal counsel] on January 9th that I had this surgery coming up and I had a lot of physical issues. And I was suffering from anxiety and panic attacks so it was – |
| Hearing Counsel: | Wait for a question, Mr. Dean. |
| Dean: | Yes, sir. |

{¶27} On appeal, Dean has not pointed to any evidence in the record demonstrating "that his mind was so affected at the time he entered the agreement that he did not possess the ability to comprehend the nature or scope of his act, or to appreciate its effect or consequences." *See Santomauro* at ¶ 18, citing *Miller* at ¶ 16.

{¶28} Dean's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR V**

**THE TRIAL COURT ERRED BY GRANTING ENFORCEMENT OF SETTLEMENT WHERE FACTUAL DISPUTES REMAINED.**

**{¶29}** In his fifth assignment of error, Dean appears to contend that the trial court erred by summarily granting Pekin's motion to enforce the settlement agreement where factual disputes remained. Specifically, Dean contends there remains a factual dispute as (1) "Whether the amount was $175,000 or $185,000[,]" (2) "Whether any release was ever signed[,]" and (3) "Whether [Dean]'s health issues impaired capacity . . . ." Dean's argument lacks merit.

**{¶30}** A review of the judgment entry shows the trial court did not summarily grant the motion to enforce. Rather, the trial court made specific findings related to Dean's first and third alleged "factual disputes" that Dean contends remain unresolved. Regarding "[w]hether the amount was $175,000 or $185,000[,]" the trial court trial court found:

> Here, it appears undisputed that [Dean] gave [legal counsel] authority to settle the matter for any amount over $175,000 in early January, 2024. Pursuant to his authority, [legal counsel] made a demand upon [Pekin] for $185,000 and [Pekin] accepted the offer in exchange for dismissal with prejudice of the pending case and a standard release.

The trial court then granted the motion to enforce and ordered Pekin to send a check payable in the amount of $185,000 to Dean and his legal counsel.

**{¶31}** Regarding Dean's third alleged factual dispute—"Whether [Dean]'s health issues impaired capacity . . . "—the trial court expressly found that Dean had failed to show he was incompetent to enter into the settlement agreement or that he was under any duress at the time of the settlement agreement. Dean challenged this finding in his fourth assignment of error. *See discussion in Assignment of Error IV, supra*. This Court overruled Dean's assignment of error. *See id*.

**{¶32}** Finally, regarding Dean's second alleged factual dispute—"Whether any release was ever signed[,]" a review of the record shows the parties never disputed that Dean did not sign a release. Consequently, no factual dispute existed to be resolved by the trial court.

**{¶33}** Dean's fourth assignment of error is overruled.

### III.

**{¶34}** Dean's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

RANDY DEAN, pro se, for Appellant.

PAUL B. RICARD, Attorney at Law, for Appellee.